**PARR v. UNITED STATES.**

No. 3762.

United States Court of Appeals
Tenth Circuit.

Jan. 21, 1949.

Clarence J. Malone, of Topeka, Kan. (James Malone, of Topeka, Kan., on the brief), for appellant.

Malcolm Miller, Asst. U.S. Atty., of Lawrence, Kan. (Lester Luther, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

This was an action instituted by Ernest E. Parr against the United States under the Federal Tort Claims Act, 28 U.S.C.A. § 921 et seq. [now §§ 1346, 2671 et seq.], for the recovery of damages for personal injuries. It was alleged in the complaint that plaintiff was an employee of the 832 AAF Specialized Depot, maintained and operated by the War Department; that in December, 1945, at the direction of his supervisor, he undertook hazardous duties outside the scope of his employment and was seriously and permanently injured; that his injuries were caused directly and proximately by the negligence of the United States and its employees, acting within the scope of their employment; that plaintiff made application for compensation under the Federal Employees' Compensation Act, 5 U.S.C.A. § 751 et seq.; that the Employees' Compen-sation Commission refused to pay him any compensation for the loss of his arm, for pain and suffering, or for permanent injuries; that he appealed to the commissioner for a lump-sum settlement or final order alloting certain and definite compensation; that the appeal was refused; that instead, the Commission required plaintiff to fill out and file each month a claim for compensation; that in June, 1947, he notified the Commission that he was not filling out and filing the claim for that month, but instead elected to file this action for all future compensation; and that in this action he made no claim for any period during which he received compensation from the Commission. The court dismissed the action on the ground that the seeking and receiving of compensation under the Employees' Compensation Act constituted an election of remedies, and that therefore plaintiff could not seek relief under the Federal Tort Claims Act. Plaintiff appealed.

It is the contention of appellant that the Employees' Compensation Act did not afford him an exclusive remedy for his injuries; that after the Federal Tort Claims Act became effective he had the right to choose either to accept an award under the Compensation Act or to sue under the Federal Tort Claims Act; and that his making application and accepting monthly payments under the Compensation Act did not constitute an election of remedies which precluded him from maintaining this action. Where an injured person is eligible for compensation under the Employees' Compensation Act, the receipt and acceptance of benefits under that Act does not preclude a suit against a third party tort-feasor for the recovery of damages for wrongful tort. Brady v. Roosevelt Steamship Co., 317 U.S. 575, 63 S.Ct. 425, 87 L.Ed. 471; American Stevedores, Inc., v. Porello, 330 U.S. 446, 67 S.Ct. 847, 91 L.Ed. 1011. But this is not an action against a third party tort-feasor. No third party tort-feasor is involved directly or indirectly. It is an action against the United States.

When the Federal Tort Claims Act became effective, appellant had two remedies, each for the same wrong, and both against the United States. One was under the Employees' Compensation Act, and the

other was under the Tort Claims Act. He then had the option to select either remedy and follow it through. But he could not invoke both. Effectively invoking one constituted an election which precluded resort to the other. Dahn v. Davis, 258 U.S. 421, 42 S.Ct. 320, 66 L.Ed. 696; Brady v. Roosevelt Steamship Co., supra; Militano v. United States, 2 Cir., 156 F.2d 599.

 Appellant concedes that for almost twelve months after the Tort Claims Act became effective he submitted monthly applications for payment under the Compensation Act and that payments were made and received for that period. But he argues that since he only received monthly payments without any lump-sum award, he did not make an effective election to proceed under the Compensation Act and therefore is free to maintain this suit. Monthly payments and a lump-sum award in commutation of further monthly payments under the Compensation Act are integral parts of the system designed to compensate the injured employee. The two dovetail together and constitute the whole. In United States v. Marine, 4 Cir., 155 F.2d 456, plaintiff was a custom inspector of the United States. While leaving a merchant vessel owned and operated by the United States, he was seriously injured. The suit was brought against the United States under the provisions of the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq. The contention was advanced that the Employees Compensation Act provided the sole and exclusive remedy against the United States. At the time of the filing of the suit plaintiff had received no compensatory relief whatever from the United States. But the court said among other things that the filing of the suit under the Suits in Admiralty Act constituted an election between two available remedies which would thereafter preclude the injured employee from presenting a claim under the Compensation Act. Here, the presentation of claims for monthly payment and the acceptance of monthly payments under the Employees' Compensation Act for a period of almost twelve months after the Tort Claims Act became effective constituted an election between two available remedies against the United States which precludes appellant from maintaining this suit. Dahn v. Davis, supra; Brady v. Roosevelt Steamship Co., supra; Militano v. United States, supra.

The judgment is affirmed.