JOHN F. NEFF, Appellant, v. BAIOTTO COAL COMPANY, a Corporation, Respondent, No. 41901—234 S. W. (2d) 578.

Division One, November 13, 1950.

Rehearing Denied, December 11, 1950.

Russell D. Roberts for appellant.

*Roland A. Zeigel* and *Jayne & Jayne* for respondent.

306

[578] VAN OSDOL, C.— Action for $25,000 damages for personal injury. The trial court sustained defendant's motion challenging the court's jurisdiction, and dismissed plaintiff's action. The court found that plaintiff had elected to recover compensation under the Workmen's [579] Compensation Law (Chapter 29, R. S. 1939, as amended; Section 3689 R. S. 1939 et seq., Mo. R. S. A. § 3689 et seq.); and that the court did not have jurisdiction of plaintiff's claim. Plaintiff has appealed. Defendant's motion was in part supported by evidence, but the material facts were not controverted.

Plaintiff was an employee in defendant's coal mine. Plaintiff suffered personal injury by accident, July 7, 1947, arising out of and in the course of his employment. Defendant was a major employer under the Workmen's Compensation Law, and neither defendant nor plaintiff had rejected the Law; however, defendant's liability was not insured, and defendant had not qualified as a self-insurer. Section 3713 R. S. 1939, Mo. R. S. A. § 3713. The accident was reported by defendant to the Workmen's Compensation Commission, August 6, 1947; and, August 15, 1947, the Commission notified both plaintiff and defendant in writing of plaintiff's right to elect "to recover from the employer as though he had rejected this chapter, or to recover under this chapter with the compensation payments commuted and immediately payable." Section 3713, supra. Replying to the Commission's communication of August 15th, defendant by his letter of August 18th advised the Commission that he was paying plaintiff "the limit of twenty dollars per week and doctor and hospital bills."

Plaintiff had been hospitalized immediately after his injury. Defendant's manager had visited plaintiff in the hospital and had told him that hospital and medical expenses and compensation would be paid by defendant under the Workmen's Compensation Law. Plaintiff did not file a claim for compensation. And, after defendant's letter of August 18th, neither plaintiff nor defendant further communicated with the Commission concerning the accident and injury. Defendant, by check of July 17, 1947, had paid

plaintiff $22.85 for "8 days compensation," and continued to pay plaintiff, and plaintiff received and retained $20 per week "for approximately a year" (the last check was received by plaintiff July 21, 1948), and until defendant was advised by the hospital authorities that plaintiff "was ready to return back to normal duty." Plaintiff did not return to his employment with defendant, however; and nearly a year later, July 19, 1949, over two years after his injury, plaintiff instituted the instant action.

Since defendant's liability was not insured and he had not qualified as a self-insurer, plaintiff had a right to elect to bring an action for damages or to pursue his remedy for compensation under the Workmen's Compensation Law with payments commuted and immediately payable. Section 3713, supra. He was permitted to select one of two inconsistent remedies for his injury. "Election to claim or accept compensation, when the act for some reason gives the injured employee the right to sue the employer at law, generally precludes the employee from exercising his common law remedy, if at the time he had two valid available inconsistent remedies . . ." Vol. 1, Schneider's Workmen's Compensation, 3d or Perm. Ed., § 98, p. 237. It has been said that an election by an injured employee to be bound by the terms of the Workmen's Compensation Law may be implied from his conduct, as, for example, from the acceptance of compensation or other benefits, or the filing of a claim therefor. Talge Mahogany Co. v. Burrows, 191 Ind. 167, 130 N. E. 865; Allen v. American Milling Co., 209 Ill. App. 73; 58 Am. Jur., Workmen's Compensation, § 64, pp. 619-620.

As stated, plaintiff was notified, August 15, 1947, by the Commission of his right to elect as if he had rejected the Workmen's Compensation Law, or to recover under the Law with compensation payments commuted and immediately payable. Plaintiff had theretofore received a check for "8 days compensation" and had been told by defendant that hospital and medical expenses and compensation would be paid under the Workmen's Compensation Law. Defendant paid the hospital and medical expenses. And plaintiff, for approximately a year (knowing of his right of election and when he must have known the employer, in making the payments, was intending the payments were in compliance [580] with the Workmen's Compensation Law), had received and retained payments equal to the maximum weekly compensation for temporary total disability then payable under the Law. (See Section 3703 R. S. 1939, Mo. R. S. A. § 3703, prior to its repeal and reenactment in 1947, Vol. II, Laws of Missouri, 1947, p. 440.) There is no implication that defendant was incompetent; nor was there a showing of mutual mistake, or of fraud or coercion on the part of the employer.

It would seem the instant case differs from the case of Riegel v. Higgins, D. C., N. D. Cal. (1917), 241 F. 718, as to the time during which the compensation was received, and in other more material respects. In the Riegel case, the libelant, a seaman, was permitted to recover in admiralty for injury occasioned by a defective appliance used in loading lumber on the ship, although for a few weeks he had accepted compensation provided by the California Workmen's Compensation Act for the same injury, and had signed receipts for the weekly payments and a final receipt releasing the ship and owner from all further liability. The seaman "himself did not make his selection of remedies," and he probably did not understand the effect of the receipts he signed. Moreover, it is not clear to us that the remedy provided by the California Workmen's Compensation Act, if availed of, was exclusive or was inconsistent with the independent action in admiralty. Indeed the District Court expressed the opinion that the Act could not and did not deprive the seaman of his right of action in the admiralty court for damages caused by the negligence of the shipowner in providing defective appliances. And the *inadequate* amount of compensation the libelant had received was neither fixed by any tribunal nor by agreement, "but solely by the insurance brokers."

In our case, it is true that plaintiff, although he received benefits of compensation, medical treatment and hospitalization, did not further pursue his remedy under the Workmen's Compensation Law to the end of having further compensation payments commuted and immediately payable as provided in Section 3713, supra. But his acceptance of hospital and medical benefits, and his acceptance and retention of monthly compensation known by him to have been paid under the Law, for a period of a year, in our opinion, nevertheless constituted an election precluding the maintenance of the inconsistent instant action. Allen v. American Milling Co., supra; Talge Mahogany Co. v. Burrows, supra; Parr v. United States, 10th Cir. (1949), 172 F. 2d 462; Annotation, 50 A. L. R. 223; Ann. Cas. 1918B, p. 720.

In Parr v. United States, supra, plaintiff, an employee of the War Department, had applied for and received monthly compensation under the Federal Employees' Compensation Act, 5 U. S. C. A. § 751 et seq.; but, upon being refused an order for a "lump-sum" settlement, the plaintiff did not file claims for further monthly compensation. Monthly payments and a lump-sum award in commutation of further monthly payments "are integral parts of the system designed to compensate the injured employee" under the Federal Employees' Compensation Act. "The two dovetail together and constitute the whole." It was held that, having claimed and continued to receive monthly compensation under the Compensation Act for almost twelve months after a remedy was available to

him under the Federal Tort Claims Act, 28 U. S. C. A. § 1346, § 2671 et seq., plaintiff could not maintain an action under the latter Act. The two Acts afforded two remedies for the same wrong. Plaintiff had the option to select either remedy and follow it through. But he could not invoke both.

The judgment and order of dismissal should be affirmed.

It is so ordered. *Lozier* and *Aschemeyer*, CC., concur.

PER CURIAM:—The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court. All the judges concur.