**Robert PATRICK, by Pearl Patrick, as next friend, Appellant,**

**v.**

**L. T. HIGHBAUGH et al., doing business as Highbaugh Farms Nursery et al., Appellees.**

Court of Appeals of Kentucky.

June 2, 1961.

———◇———

Cambron, Harvin & Robinson, D. H. Robinson, Louisville, for appellant.

Peter, Heyburn & Marshall, Gavin H. Cochran, Louisville, for appellees.

STEWART, Judge.

In June, 1956, appellant, Robert Patrick, was employed by appellees, L. T. Highbaugh and others, doing business as Highbaugh Farms Nursery. Both appellant and appellees had accepted and were working under the provisions of the Workmen's Compensation Act. Appellant at this time was over 16 but not yet 17.

On June 18, 1956, appellant allegedly sustained an injury arising out of and in the course of his employment. It was stipulated that if he was injured at work, as he claims, it was a compensable injury.

On July 11, 1957, appellant by his mother, Pearl Patrick, as next friend, filed an application for compensation with the Workmen's Compensation Board. This application was dismissed on December 17, 1957, for the reason that the claim, whether compensable or not, was barred by limitations. See KRS 342.185 and KRS 342.270. Appellant did not ask for a full Board review.

On June 25, 1958, appellant instituted this present action in circuit court, seeking to recover damages for the same alleged injury on which he had based his application for compensation. On May 13, 1959, the trial court sustained appellees' motion for summary judgment on the ground that appellant had made an election of remedies under KRS 342.170 when he filed his application under the Workmen's Compensation Act and should not be permitted to prosecute a common law action.

KRS 342.170, insofar as it is pertinent, reads:

"If any minor employe is injured or killed while being employed by the employer in willful and known violation of any law of this state regulating the employment of minors, the statutory guardian or personal representative of the minor may claim compensation under this chapter or may sue to recover damages as if this chapter did not exist. * * * If a claim for compensation is made under this section, the making of such claim shall be a waiver and bar to all rights of action on account of that injury or death as to all persons, and the institution of an action to recover damages on account of such injury or death shall be a waiver and bar of all rights to compensation under this chapter."

Appellant argues that, under the above statute, he was entitled either to file an application under the Workmen's Compensation Act or otherwise sue to recover damages at common law, as he alleged he was illegally hired in violation of the laws of this state regulating the employment of minors. He points out that, since the claim for compensation was filed by his mother as next friend and not by his *statutory guardian,* as this statute requires, it was not an effective election of remedies and his action at law is maintainable.

Appellees take the position that appellant, being over 16 years of age, is considered sui juris for the purposes of the Workmen's Compensation Act. He could have filed an application on his own behalf but he did not do so. They insist that, when he asserted his claim through his mother as next friend, this was tantamount to filing his action in his own name, the words "By Pearl Patrick, as next friend," appearing in the complaint being nothing more than mere surplusage. The portion of KRS 342.065 relied upon to support their contention reads:

"A minor sixteen years of age or over * * * *shall be considered sui juris for the purposes of this chapter,* and no other person shall have cause of action or right to compensation for his injury or death for loss of service on account thereof, by reason of the minority of such employe."

In Wynn Coal Co. v. Lindsey, 230 Ky. 53, 18 S.W.2d 864, 865, a mother as next friend filed the application for her 14-year-old son's claim under the Workmen's Compensation Act. An award was made and money was paid thereunder. Later, the boy through his mother as next friend filed suit at common law and recovered a judgment for $1250. The Court of Appeals allowed the judgment to stand, saying:

"But if we go further and assume that he (the infant employee) was employed in willful and known violation by the employer of the statute in question it appears that *he had no guardian at the time.* The mere fact that the claim under the Compensation Act was filed with the advice and consent of his mother, and with the assistance of his attorney, and that an indefinite and uncertain amount was paid to plaintiff and plaintiff's attorney, *cannot be regarded as a binding election on the part of plaintiff.* In the circumstances neither his mother nor the attorney *had the right to act for him."* (Emphasis ours.)

We believe it is evident from the foregoing excerpt the Lindsey case held that the action of the mother as next friend did not

constitue a sui juris proceeding before the Workmen's Compensation Board. The application made by the mother in the capacity mentioned was described as merely the filing of a claim with her advice and consent, and "cannot be regarded as a binding election" on the part of the 14-year-old boy. The mother was not, but only a guardian was, empowered to act for a minor within the purview of KRS 342.170.

Furthermore, if his mother had no authority to represent him in the instant case, and even if he is regarded as sui juris within the purview of KRS 342.065, appellant never made an election under workmen's compensation but, rather, in the instant suit, has in fact and in deed elected to pursue his common-law remedy. As appellant's application for compensation benefits was already barred by limitations at the very time it was asserted, neither he (suing sui juris) nor his guardian (if he had then had one) could be said to have possessed a valid remedy under the Compensation Act. Faced with such a problem he was not prohibited from seeking redress for his injuries, if any he had, through another channel that was still left open. Larsen's Law of Workmen's Compensation, Vol. 2, sec. 67.22, pp. 149, 150, has this to say where a claimant pursues one remedy to a fruitless conclusion and afterwards follows another course that is still available:

" * * * The majority of cases have held that an unsuccessful damage suit does not bar a compensation claim, and that an unsuccessful compensation claim does not bar a damage suit. The theory, which has its beneficent counterpart in almost any other field of law where the harsh old Roman doctrine of election rears its head, is that an election of a remedy which proves to be non-existent is no election at all. Election, according to this view, is a choice .between two valid but inconsistent remedies; it is not the mistaken pursuit of a misconceived right when only one right in fact existed."

Wherefore, the judgment is reversed.