Johanna Louise MAYS (Johnson), Dependent
of Harold Eugene Mays (Deceased),
Claimant-Appellant,

v.

Curt WILLIAMS, d/b/a Williams Tin
Shop, Employer-Respondent.

No. 58028.

Supreme Court of Missouri,
En Banc.

April 9, 1973.

Rehearing Denied May 14, 1973.

**290**

———◆———

Grove G. Sweet, Sestric, Sestric, Sweet & McGhee, St. Louis, for claimant-appellant.

William O. Welman, McHaney & Welman, Kennett, for employer-respondent.

FINCH, Chief Justice.

This appeal from an award made under the Workmen's Compensation Act was ordered transferred here under Art. V, § 10, Mo.Const., V.A.M.S., after an opinion by the Missouri Court of Appeals, Springfield District. Under that constitutional provi-

1. Section 287.280 was amended in 1965. See Laws of Mo.1965, p. 408. The amended section was applicable to this

sion, we determine the case "the same as on original appeal." We reverse and remand with directions.

Appellant filed a claim for compensation on account of the death of her husband. It alleged that the employer had accepted the Act but did not have insurance to cover his liability. The claim cited § 287.280, RSMo 1959 [1], V.A.M.S., as the basis for the amount of compensation sought.

The parties stipulated that the employee's death was a direct and proximate result of an accident which arose out of and in the course of deceased's employment; that employer had accepted the Compensation Act but had no insurance in force covering his liability; that employer had not qualified as a self-insurer; that deceased employee was not survived by any dependents other than appellant herein; and that the rate of compensation was $28.86 per week.

Before her compensation claim had been heard by the referee, appellant remarried. Thereafter, the referee made an award to appellant for 65 weeks of compensation plus burial expenses. The award was based on the number of weeks which had passed between the time of the employee's death and appellant's remarriage. On application for review, the Industrial Commission reversed the referee and allowed compensation for 350 weeks, commuted and payable as of the date of the death of appellant's husband. An appeal was taken to the Circuit Court, which reversed the Industrial Commission and reinstated the award of the referee. That judgment was affirmed by the decision of the Missouri Court of Appeals, Springfield District.

We are not concerned in this case with the resolution of factual issues nor with the credibility of witnesses. All facts were stipulated. We are concerned solely with questions of statutory interpretation.

accident which occurred in 1966. Other references herein to § 287.280 are to Laws of Mo.1965, p. 408.

Section 287.280, insofar as pertinent here, provides as follows:

"1. Every employer electing to accept the provisions of this chapter, shall insure his entire liability thereunder except as hereafter provided, with some insurance carrier authorized to insure such liability in this state, except that an employer may himself carry the whole or any part of the liability without insurance upon satisfying the division of his ability so to do. * * * If the employer fails to comply with this section, an injured employee or his dependents may elect after the injury to recover from the employer as though he had rejected this chapter, or to recover under this chapter with the compensation payments commuted and immediately payable. * * *"

■ It is the purpose of the Workmen's Compensation Act to see that compensation payments are made when due. To that end, the Act imposes a compulsory requirement that insurance be carried or that the employer qualify under the Act as a self-insurer. The General Assembly sought to put teeth in this requirement by providing in § 287.280 that if an employer fails to comply therewith, the injured employee or his dependents have an election (1) to bring a suit (free of certain defenses) just as though the employer had rejected the Act, or (2) to recover compensation under Chapter 287 "with the compensation payments commuted and immediately payable."

■ The sanctions provided in § 287.280 to force compliance with the insurance requirements are discussed in 12 Schneider Workmen's Compensation, Chap. 51, § 2482 (Third or Perm.Ed.), p. 208, as follows:

"Failure to insure or to satisfy the administrative tribunal of his financial capacity to carry his own risk generally subjects the employer to a penalty under the law. In such event an injured employee or his dependents may, under some acts, elect after the injury to recover from the employer as though he had rejected the act and hence is subject to a common law action for damages with his common law defenses unavailable to him, or he may recover under the act with the compensation payments commuted and immediately payable and in some states the employer is presumptively negligent in a common law action against him if he has failed to insure his risk under the workmen's compensation law. The purpose of such provisions is to safeguard the rights of the employee by making it more attractive or profitable to the employer to insure his risk than to fail to do so."

In this instance, appellant widow elected the alternative of seeking compensation by filing a claim which sought to have her payments commuted and immediately payable.

■ No dispute exists as to appellant's right of election under § 287.280 or as to the fact that compensation awards against uninsured employers are commuted and payable immediately under the express provisions of the statute.[2] The controversy is over the effective date of such commutation. According to appellant, the right thereto vests in the widow when she files her claim for compensation, with the operative facts involved in the determination being those existing as of the date of death of the employee. Respondent's position is that the right to commutation is determined by the factual situation existing when the referee makes his award.

The resolution of this controversy involves construing and reconciling the language of § 287.280 and certain provisions

---

2. That this is true has been recognized in several cases. Harmon v. Rainey, 306 S.W.2d 469, 470 (Mo.1957); Neff v. Baiotto Coal Co., 361 Mo. 304, 234 S.W.2d 578 (1950); Moyer v. Orek Coal Co., 229 Mo.App. 811, 82 S.W.2d 924 (1935); Hope v. Barnes Hospital, 227 Mo.App. 1055, 55 S.W.2d 319 (1932).

of § 287.240,[3] particularly those contained in § 287.240(4)(a). After specifying who shall be total dependents and providing that a widow for whom the employee was legally liable for support shall be a total dependent, § 287.240 then provides in such paragraph (4)(a) "that on the death or remarriage of a widow [or widower], the death benefit shall cease unless there be other total dependents entitled to any unpaid remainder of the death benefit * * *."

It is respondent's contention that § 287.240(4)(a) is general in its application and that it governs in every situation, regardless of whether employer was insured or whether the widow is relying on § 287.280 because the employer is uninsured. Otherwise, says respondent, without any statutory authorization therefor, "dependent" would have a different meaning under § 287.280 than in cases involving insured claims under § 287.240.

Appellant counters by arguing that subsequent death or remarriage is immaterial because the award has already been commuted and made payable by operation of the terms of the statute. There is no portion of the award to accrue later and hence nothing to which (4)(a) can apply. Neither counsel nor we have found any case dealing with this question of what, if any, application the proviso in § 287.240(4)(a) has to claims which are commuted and immediately payable under § 287.280. This appears to be a case of first impression in this state.

We do not find it difficult to reconcile the provisions of § 287.240(4)(a) and those of § 287.280. The former relates to the normal situation which the Compensation Act undertakes to mandate, namely, one in which the obligations of employer under the Act are insured. In such situation the total death benefit is payable in weekly installments. The language in (4)(a) speaks of the death benefit terminating unless there is someone else entitled to any unpaid remainder. This means subsequent installments. Thus, if, before the award is paid in full, the widow remarries or dies, she ceases immediately to be a dependent and no subsequent installments are to be paid to her (or her estate if she dies). This gives full effect to the language of § 287.240(4)(a).

An entirely different question is presented when the employer is uninsured and the widow seeks compensation pursuant to § 287.280. Section 287.240 still would be applicable to determine the method of computing the total amount of compensation, but no longer is the compensation award payable in weekly installments. It is commuted and immediately payable. There are no weekly installments when § 287.280 is applicable.

If, in this situation, the widow subsequently remarries (as here) or dies, is there any way in which the proviso of § 287.240(4)(a) can be made applicable? The resolution of this issue depends on the date on which the widow's rights are to be determined. If, as respondent contends, the date of the award by the referee governs, then § 287.240(4)(a) could be applied because the claimant would cease to be a widow prior to the time when the award would be commuted and payable. However, such construction leads to some anomalous results. A few examples will illustrate.

Suppose a widow elects to file suit under § 287.280 for damages rather than a claim for compensation. Once she has filed her suit and made that election, she would have the right to proceed with the suit even though she thereafter should remarry. The right to do so vested in her when she made her election by instituting suit. The proviso in § 287.240(4)(a) would not take away her right to continue her action for damages or be any defense.

3. All references to § 287.240 are to Laws of Mo.1965, p. 405.

Assume, next, that instead of filing suit, this widow elects to file a claim for compensation against the uninsured employer. Respondent concedes that if before remarriage the referee holds a hearing and awards compensation, it is commuted and immediately payable and the entire amount would go to the widow even if she should remarry the day after the award is made. (This would be true, recognizes respondent, even though the award is not final, is litigated thereafter, and is actually paid at a later time.)

However, according to respondent, if, after filing a claim for compensation, this widow should remarry at any time before an award by the referee (even if the day before), she would receive an award based on the number of weeks between employee's death and her remarriage. Such a result necessarily means that despite the language of § 287.280, the award is not commuted but instead consists of weekly installments for the number of weeks which have elapsed between employee's death and the date of remarriage.

We consider this result to be illogical for several reasons. First, it results in creating weekly compensation installments in a non-insured situation in direct contravention of the explicit provisions of § 287.-280 that compensation payments owed by a non-insured employer are commuted; second, the non-insured status which triggers the commutation exists at the moment of employee's death and does not arise at the time of the referee's award; and third, the result will be to penalize the widow for electing compensation by terminating her recovery against the non-complying employer on her remarriage, whereas, if she brought suit for damages and then remarried, she could continue with her recovery attempt. Such inconsistent treatment of the two alternatives is not indicated by any language in these statutory provisions.[4]

There is still another result which would flow from respondent's interpretation which makes it clear, in our judgment, that this is not what the General Assembly intended. As previously noted, § 287.280 was intended to force employers to insure or bear the sanction or penalty of a partially defense free suit or a compensation claim payable in full at once. Yet the result which respondent proposes in this case would relieve employer of any penalty for failing to insure. He would pay the widow to the penny the amount he would have paid if he had been insured, viz, weekly installments from date of death to date of remarriage, plus burial benefits. In addition, he would benefit by saving himself the insurance premiums he would have paid if insured.

Such an interpretation would make it possible and profitable for an uninsured employer to seek to delay an award as long as possible, because if the widow then remarries or dies, and there are no other total dependents, the employer will not have to pay the commuted, immediately payable total compensation called for by § 287.280. Instead, he could settle his liability for the same number of weekly installments he would have owed if he had been insured, thereby defeating the penalty called for in the statute.

---

4. Some of these reasons were recognized in the findings of fact and conclusions of law by the Industrial Commission, as follows:
   "(2) We think the applicable portion of Section 287.280 was intended either as a penalty to be assessed against an employer who fails to maintain his insurance covering his employees, or it was meant to be a safeguard against the possible eventuality of the employer becoming unable to make future payments, or quite possibly both. In view of the foregoing, and keeping in mind the fact that if the widow had elected to recover from the employer as though he had rejected Section 287.280, her subsequent remarriage would have been no defense for the employer, it is our opinion that the claimant's vested rights became fixed as of the date of the employee's death, and her remarriage in no way absolves the employer from payment of the full death award commuted."

We conclude that respondent's interpretation of the provisions of §§ 287.240 and 287.280 produces an unreasonable and unrealistic result which the General Assembly did not intend. Accordingly, we reject it.

■ Where an employer is uninsured, the insecurity sought to be avoided by the requirements of § 287.240 arises immediately on the death of the employee and the operative facts should be and are those in existence on that date. It cannot be said that a death benefit award actually vests in the widow at that moment, because she has an election under § 287.280 to file a suit for damages or to file a claim for compensation. However, once the widow makes her election and files her claim for compensation, her right to full commutation of any award made vests and her dependency status is to be determined as of the date of employee's death. If claimant was the widow of employee and an award is made subsequently, it is commuted and immediately payable to the widow. The rules announced in Masters v. Southwestern Greyhound Lines, 205 S.W.2d 882 (Mo.App. 1947), and Reneau v. Bales Electric Co., 303 S.W.2d 75 (Mo.1957), support these conclusions. Such lump sum award would not be affected by later contingencies. See Wims v. Hercules Contracting Co., 235 Mo.App. 1, 123 S.W.2d 225 (1939); Mitchell v. Knutson, 234 Mo.App. 832, 137 S.W. 2d 648 (1940).

Applying these rules, it is clear that appellant was the widow of the deceased employee at the time of his death and that she thereafter elected to and did file her claim for the commuted award as the widow of the employee. Since employee's death was the result of an accident which arose out of and in the course of his employment, the award against the non-insured employer was commuted and immediately payable and appellant is entitled to the entire amount thereof.

■ Finally, respondent suggests that if the Commission was correct in granting appellant an award consisting of the commuted value of 350 weeks of compensation, at least it erred in utilizing its Bulletin No. 3 rather than Bulletin No. 4. We reject this contention. Section 287.530, Laws of Mo.1965, p. 411, provides how compensation due under Chapter 287, RSMo 1959, may be commuted. It states that said "sum shall be equal to the commutable value of the future installments which may be due under this chapter, taking account of life contingencies, the payment to be commuted at its present value upon the basis of interest calculated at four per cent with annual rests * * *." Section 287.280 provides no different formula, but simply that the award shall be commuted if employer is uninsured. Under those circumstances, we would look to § 287.530 for directions and follow it. That is what Bulletin No. 3 purports to do and obviously the Commission believed it to be the proper commutation table. Bulletin No. 4 purports to be applicable to widows only and takes into account remarriage or death. We do not know when the Commission utilizes that table. Such question is not involved in this case. However, we do note that nothing in the statute indicates that different or additional contingencies are to enter into commutation in the case of widows from those which are considered in the case of other claimants. No showing has been made that the use of Bulletin No. 3 was erroneous.

We reverse and remand with directions to the Circuit Court to reinstate the award made by the Industrial Commission.

All concur.