**Pamela D. KNIGHT and Mark D. Knight, Plaintiffs–Appellants,**

**v.**

**Joe Bradley JOINES and Elaine Marie Joines, Defendants–Respondents.**

**No. 17473.**

Missouri Court of Appeals, Southern District, Division One.

Nov. 8, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 2, 1991.

John C. Banning, Springfield and Stephen W. Nichols, Arthur H. Stoup & Associates, P.C., Kansas City, for plaintiffs-appellants.

James F. DeNeen, Joplin, for defendants-respondents.

PREWITT, Presiding Judge.

Plaintiffs sought damages for personal injury to plaintiff Pamela D. Knight. They appeal from the dismissal of their petition.

Mrs. Knight was injured on August 6, 1988, while working as an employee at a grocery store operated by defendants. Defendants did not have workers' compensa-tion insurance nor did they qualify as self-insurers.

The trial court's dismissal was based upon defendant's "motion to dismiss for lack of subject matter jurisdiction". The motion contended that because Pamela D. Knight had filed a claim for workers' compensation and received weekly payments from defendants and some of her medical bills were paid by them, she was limited to workers' compensation benefits. Following a hearing where only Mrs. Knight testified and at which the facts were essentially undisputed, the trial court found that plaintiff had conclusively elected a remedy under the workers' compensation law and dismissed the petition.

■ It is understandable why the motion contended that the circuit court did not have "subject matter jurisdiction" because many cases use that term, albeit erroneously, where workers' compensation might be a remedy. See *Schneider v. Union Electric Co.*, 805 S.W.2d 222, 224 (Mo.App. 1991). The circuit court has subject matter jurisdiction of personal injury claims under its general authority. See *Schneider.* See also § 287.280, RSMo 1986.

■ As matters outside the pleadings were presented to and not excluded by the court, the motion should have been treated as one for summary judgment under Rule 74.04. Rule 55.27(a)(12). However, no contention is made regarding the procedure employed in the trial court and this court does not further discuss it.

Following Pamela D. Knight's injury she was paid her regular wages for thirty-four weeks. As a result of her injuries she incurred medical bills of approximately $13,000. Defendants paid her anesthesiology bill of $384 and a hospital bill of $439.90 by checks dated May 7, 1989.

On October 20, 1988, Mrs. Knight filed a claim for compensation with the Division of Workers' Compensation against "Brad Joines d/b/a Carters IGA" and the state treasurer as custodian of the second injury fund. Apparently "Brad Joines" is defendant Joe Bradley Joines. Mrs. Knight was not represented by an attorney when she

filed the claim. She was assisted by a legal advisor with the Division of Workers' Compensation. This action was instituted on June 9, 1989. On July 24, 1989, Mrs. Knight filed a written dismissal of the workers' compensation claim. An order dismissing it was entered October 6, 1989.

Both parties cite and discuss *Neff v. Baiotto Coal Co.*, 361 Mo. 304, 234 S.W.2d 578 (1950). Plaintiffs state that it is the "only Missouri case touching upon this issue", but seek to distinguish it. Defendants state that it is "precisely on point". As hereinafter discussed *Neff* is not controlling because the plaintiff was aware of his options and knowingly accepted workmen's (now workers') compensation benefits.

Under § 287.280, RSMo 1986, when an employer subject to the provisions of the workers' compensation law does not carry insurance and is not a qualified self-insurer, an injured employee has an election to bring an action in the circuit court, with certain defenses not applying, or to proceed under the workers' compensation law "with the compensation payments commuted and immediately payable". Under this statute *Neff* states an employee may make that election "from the acceptance of compensation or other benefits, or the filing of a claim therefor." 234 S.W.2d at 579.

Plaintiffs seek to distinguish *Neff* on five bases. First, Mrs. Knight did not know about the right to file suit in circuit court. Second, she was paid her regular wages, rather than two-thirds of her wages as provided under workers' compensation. Third, only a small part of her medical bills were paid. Fourth, Joe Bradley Joines told Pamela Knight's doctor that he would not pay the doctor bill. Fifth, the defendant did not tell Pamela Knight that the payments she received were workers' compensation benefits.

■ Plaintiffs correctly assert that the statement in *Neff* that the filing of a claim for compensation can create an election is dictum because no claim was filed in that case. Whether filing such a claim with knowledge of the other alternative would be effective as an election it is not neces-sary to decide. In *Neff*, knowledge of the right to elect was established. Here it was not. There was no evidence that indicated Pamela Knight knew she could file an action in the circuit court when she filed the workers' compensation claim. She testified she was not aware of other possible actions and did not know that by filing a claim for workers' compensation she might be giving up a right to file in the circuit court.

■ There is no reason why the election of remedies under the workers' compensation act should be different from the requirements to make a binding election in other areas of the law. Before a party is held to have elected his remedy, or is estopped from asserting a different remedy, that party must have known at the time of the existence of more than one available remedy. *Pemberton v. Ladue Realty & Construction Co.*, 359 Mo. 907, 224 S.W.2d 383, 385 (1949).

The doctrine of election of remedies requires that a party electing a remedy be cognizant of his legal rights and such facts as will enable an intelligent choice at the time of election. *Twin City Federal Savings & Loan Ass'n v. Transamerica Ins. Co.*, 491 F.2d 1122, 1125 (8th Cir.1974) (applying Missouri law). See also *Kearney v. Denker*, 114 Idaho 755, 760 P.2d 1171, 1173 (1988) (filing of workers' compensation claim does not foreclose action for injury caused by willful or unprovoked physical aggression of the employer). But cf. 25 Am.Jur.2d Election of Remedies § 21, p. 664 (1966) (ignorance of the law no excuse).

■ Institution of suit is not a conclusive and irrevocable election of remedies. *Grote Meat Co. v. Goldenberg*, 735 S.W.2d 379, 386 (Mo.App.1987). "Moreover, an election of remedies is not binding until there has been a gain by the plaintiff and a loss by the defendant." *Id.*

If filing suit is not an election of remedy then filing a claim for workmens' compensation should not be. Furthermore, the record does not establish a gain by the plaintiffs and a loss by the defendant due to the workers' compensation claim.

There was no evidence that either the medical bills or the weekly payments to Mrs. Knight were believed by her or defendants to be workers' compensation benefits. Nor was it established that she received anything because she filed the claim. Ten weekly payments were made to her before she made the claim. The medical bills were paid by check dated May 7, 1989, but there was undisputed testimony from Mrs. Knight that defendants refused to pay other medical expenses. That refusal is inconsistent with the workers' compensation law.

The judgment is reversed and the cause remanded for further proceedings.

CROW and PARRISH, JJ., concur.