Sharon BAILEY, spouse, and Anthony Bailey, Brian Bailey, Jason Bailey, Alicia Ray and Amanda Ray, dependent children of Morris Bailey, employee, deceased, Claimants–Appellants,

v.

Charles A. McCLELLAND, employer,

and

Wendell Bailey, Custodian of Second Injury Fund, Respondent.

No. 18322.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 26, 1993.

John D. Beger, Steelman & Beger, Rolla, for claimants-appellants.

William L. Webster, Atty. Gen., Susan M. Turner, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Appellants appeal from an order of the Labor and Industrial Relations Commission denying their workers' compensation claim against respondent, custodian of the Second Injury Fund. The parties on appeal agree that the findings of the administrative law judge, who initially denied appellants' claim, correctly stated the relevant facts:

On May 26, 1983, the deceased, Morris A. Bailey, was killed when the motor vehicle he was operating for McClelland Lumber Transport, Inc., left the road and overturned. In November, 1983, a claim for compensation was filed with the Division of Workers' Compensation by decedent's wife, Sharon Bailey. The claim

was answered denying Morris Bailey was an employee. There was no claim against the Second Injury Fund.

On January 29, 1986, Sharon Bailey and the minor children of Morris Bailey filed a petition for wrongful death against McClelland Lumber Transport, Inc., in the Circuit Court of Pulaski County. Defendants failed to appear, and on April 11, 1986, a judgment for the wrongful death of Morris A. Bailey was entered in favor of the plaintiffs against the employer relative to the May 26, 1983, fatal accident. The judgment remains unsatisfied.[1]

In February 1988, an amended claim for workers' compensation was filed by Sharon Bailey against the Second Injury Fund alleging that at the time of Mr. Bailey's death his employer did not have workers' compensation insurance coverage.

The claim was denied by the Labor and Industrial Commission because claimants elected to proceed in the circuit court to judgment before continuing to prosecute the workers' compensation claim. Appellants contend this determination was erroneous "because claimants filed their claim for workers compensation benefits before initiating an action in circuit court and the default judgment in circuit court remains unsatisfied, thus providing no gain to appellants nor prejudice to the employer, which is a prerequisite to a binding election of remedy."

■■■ As the alleged employer was not insured and did not qualify as a self-insurer, under § 287.280, RSMo Supp.1982, appellants could "elect" to file a workers' compensation claim or could bring suit in the circuit court. Appellants pursued both options. The workers' compensation claim being first filed only against the employer and then a circuit court suit which was pursued to final judgment. Thereafter, the workers' compensation claim was amended, seeking recovery through the Second Injury Fund. The "treasurer of the state of

Missouri, as custodian of the second injury fund, shall have the same defenses to such claims as would the uninsured employer." § 287.220.5, RSMo Supp.1982.

Appellants acknowledge in their brief that they "filed a claim for workers compensation benefits with the assistance of counsel prior to filing the circuit court action for wrongful death." Appellants further state "[c]laimants counsel was aware of the significance of its filing with respect to election of remedies, and the workers compensation claim was never withdrawn or dismissed even during pendency of the circuit court action."

Appellants argue that under *Mays v. Williams*, 494 S.W.2d 289 (Mo. banc 1973), and *Neff v. Baiotto Coal Co.*, 361 Mo. 304, 234 S.W.2d 578 (1950), "the filing of the workers compensation claim and its continued prosecution establish an election by claimants to seek their remedies under Chapter [sic] 287.280 rather than at common law." Neither *Mays* nor *Neff* control here.

In *Mays* there was no question regarding the election of remedies. The only claim brought was under the then denominated Workmen's Compensation Act. The issue was the amount of the award, not which of the alternate remedies had been elected.

In *Neff*, the employee accepted benefits known by him to have been paid under the Workmen's Compensation Law. Having done so, the court determined that he had elected to proceed under the Workmen's Compensation Law and could not bring an action against his employer in the circuit court. Here, no benefits were received under the Workers' Compensation Law and the claim filed under it was not pursued until after judgment had been obtained in the circuit court action.

Appellants abandoned their workers' compensation claim against the employer and proceeded with a wrongful death action in circuit court. Appellants treated their right of election as still viable when they filed the circuit court action. It would

---

1. The parties make no significance of the fact that the workers' compensation claim was brought against Charles A. McClelland and the circuit court action against McClelland Lumber Transport, Inc. They treat them as one and the same and this court does likewise.

be inconsistent to now allow appellants to successfully argue that the suit filed in the circuit court had no effect on their election. It is apparent that claimants settled on their remedy when they pursued the circuit court suit to judgment and only when they were unable to collect by that remedy did they return to pursuing their workers' compensation claim.

In the second aspect of appellants' point, they assert they have no "gain" as the judgment is unsatisfied and as such the circuit court action does not foreclose them from electing to proceed under the workers' compensation act. They primarily rely upon *Knight v. Joines*, 819 S.W.2d 79 (Mo. App.1991), and *Lear v. Equitable Life Assur. Soc. of U.S.*, 798 F.2d 1128 (8th Cir. 1986), cert. denied 479 U.S. 1066, 107 S.Ct. 953, 93 L.Ed.2d 1001 (1987).

Appellants recite *Knight's* quote from *Grote Meat Co. v. Goldenberg*, 735 S.W.2d 379, 386 (Mo.App.1987), stating "[m]oreover, an election of remedies is not binding until there has been a gain by the plaintiff and a loss by the defendant." 819 S.W.2d at 81. In *Knight*, there was neither a final judgment nor award. A binding election under the Workers' Compensation Act is generally the same as in other areas of the law. *Knight*, 819 S.W.2d at 81.

"Where a party has a right to pursue one of two inconsistent remedies, makes his election, institutes suit and prosecutes it to final judgment, or receives something of value on the claim, he cannot thereafter pursue another and inconsistent remedy." *Alexander v. Link's Landing, Inc.*, 814 S.W.2d 614, 620 (Mo.App.1991). See also *Harris v. Union Elec. Co.*, 766 S.W.2d 80, 86–87 (Mo. banc 1989), cert. denied 492 U.S. 919, 109 S.Ct. 3245, 106 L.Ed.2d 592 (1989) (after final judgment, whether in his favor or against him, a party cannot pursue an alternative remedy); *McGlothin v. Eidelman & Traub, Inc.*, 733 S.W.2d 851, 853 (Mo.App.1987) (pursuing a remedial right to judgment on one theory bars a party from thereafter pursuing an inconsistent remedial theory). If "gain" is necessary, claimants have experienced that. They

have gained a judgment and the employer has a loss, an adverse judgment.

The remaining authority cited by appellants, *Lear*, likewise does not call for a different result. *Lear* involved a judgment against a claimed agent of Equitable Life Assurance Society. The court determined that election of remedies did not apply because plaintiff did not have "a real election to be made as to Equitable's liability" and "Equitable has not been substantially prejudiced." 798 F.2d at 1134.

In the present case, by pursuing the action of the circuit court to judgment, claimants elected their remedy against the decedent's alleged employer and could not thereafter have brought a workers' compensation claim against the employer. The custodian of the Second Injury Fund has the same defenses as the employer. By pursuing the circuit court action to judgment, an election of remedies was made barring any claim under the Workers' Compensation Act.

The order of the Labor and Industrial Relations Commission of Missouri is affirmed.

MONTGOMERY, P.J., and GARRISON, J., concur.