**Terry W. BROOKMAN,**
**Plaintiff/Appellant,**

v.

**HENRY TRANSPORTATION, Advantage Financial Group, Inc. and Katt and Associates, Inc., Defendants/Respondents.**

**No. 65501.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 1, 1994.

---

Lawrence J. Fleming, St. Louis, for appellant.

Terrance L. Farris, LaTourette, Schlueter & Byrne, P.C., St. Louis, for respondents.

KAROHL, Judge.

Terry Brookman appeals from summary judgment in favor of Henry Transportation Co., Advantage Financial Group, Inc. and Katt and Associates, Inc. Brookman filed suit against these companies alleging on "best knowledge and belief" Henry Transportation was his employer, but the other defendants may or may not have been his employer at the time of personal injury. We reverse and remand.

On July 30, 1991, Brookman fell from a ladder and sustained injuries to his right

shoulder and left knee. From August 12, 1991 to September 27, 1991, he received six checks in the amount of $186.67 and one check in the amount of $80.01. The notation "Henry w/c week ending (date)" was typed on the face of six of the checks.

On November 8, 1991, after the weekly checks stopped, Brookman filed a claim for workers' compensation. On January 30, 1992, he filed a common-law action against defendants, alleging negligence.

On February 10, 1992, an administrative law judge (ALJ) awarded Brookman temporary total disability. The ALJ found: (1) Brookman was an employee of Henry Transportation prior to the date of injury; and (2) Henry Transportation is uninsured under the Missouri Workers' Compensation Act. The Labor and Industrial Relations Commission (Commission) adopted the findings and affirmed the temporary award of the ALJ.

On September 15, 1993, Brookman filed an amended petition. He added a second count to claim damages for unlawful retaliation pursuant to § 287.780 RSMo 1986. On January 25, 1994, the circuit court sustained all defendants' motions for summary judgment. It granted the judgments because Brookman elected to pursue a workers' compensation remedy.

Brookman's first point on appeal is the trial court erred in granting summary judgment because there is a disputed issue of a material fact as to whether he knowingly made an election of remedies when he received and negotiated checks tendered to him after his injury.

■ When considering appeals from summary judgment, we review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371 (Mo. banc 1993).

■ Our review is essentially *de novo.* The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. *Id.* The propriety of summary judgment is purely an issue of law. Because the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment. *Id.*

■ As a preliminary matter we note this is not a case where the Workers' Compensation Act is the exclusive remedy of an injured employee against his employer. *Hill v. John Chezik Imports*, 797 S.W.2d 528, 531 (Mo. App.1990). Here, Brookman brought a civil action pursuant to § 287.280 RSMo Cum. Supp.1993 because Henry is uninsured. Thus, this is not a lack of jurisdiction case based on exclusivity of remedy.

■ If an employer is not insured and does not qualify as a self-insurer, an employee can "elect" to file a workers' compensation claim or can bring suit in the circuit court. *Bailey v. McClelland*, 848 S.W.2d 46 (Mo. App.S.D.1993); § 287.280 RSMo Cum.Supp. 1993. It is only after an employee receives something of value on the claim or pursues an action to final judgment that the employee is precluded from pursuing another and inconsistent remedy. *Bailey*, 848 S.W.2d at 48. The civil suit was not pursued to final judgment by plaintiff-employee.

■ A disputed issue of material fact exists as to whether Brookman received something of value on his workers' compensation claim. In his affidavit in opposition to the motions for summary judgment, he stated he did not regard the checks he received from August 12, 1991 to September 27, 1991, as workers' compensation benefits. He believed the checks were for sick leave. He had not filed any claim for workers' compensation at the time he received and negotiated the checks. Defendants argue Brookman accepted "workers' compensation benefits" by accepting the checks. In addition, the notation "Henry w/c week ending (date)" was typed on the face of six of the checks. Thus, whether the payments were something of value on a workers' compensation claim or sick leave compensation is a disputed issue of material fact. In light of the foregoing, the trial court erred in granting summary judgment.

216

Brookman's second point is the trial court erred in granting summary judgment as to the unlawful retaliation claim because defendants did not show there was no disputed issue of material fact. He contends the motions on this claim are procedurally defective and the alleged facts are unsettled for purposes of summary judgment.

Rule 74.04(c) provides that motions for summary judgment shall state with particularity in separately numbered paragraphs each material fact as to which the movant claims there is no genuine issue, with specific references to the pleadings, discovery or affidavits that demonstrate the lack of a genuine issue as to such facts.

 With respect to Brookman's unlawful retaliation claim, the motions for summary judgment do not meet the requirements of Rule 74.04(c). The motions for summary judgment do not mention the unlawful retaliation claim. The four numbered paragraphs in the motions relate to Brookman's alleged "election" of a remedy for his injuries sustained at work. The trial court erred in granting summary judgment.

Reversed and remanded.

AHRENS, P.J., and SIMON, J., concur.