## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

JAIME MARAVILLA-DIEGO )
          Plaintiff, )
           )
v. )        **C.A. No. N14C-03-135 PRW**
           )
MBM CONSTRUCTION II, LLC, )
a Delaware limited liability )
company; GENNA )
CONSTRUCTION, LLC, a )
Delaware limited liability )
company; SAEZ AND SON'S )
LLC, a Delaware limited liability )
company, )
          Defendants. )
        And )
SAEZ AND SON'S LLC, )
          Defendant/Third )
          Party Plaintiff )
           )
v. )
           )
GENNA CONTRACTING, INC. )
          Third Party )
          Defendant.

Submitted: July 29, 2015
Decided: August 27, 2015

## ORDER ON PLAINTIFF'S MOTION FOR REARGUMENT

This 27th day of August, 2015, upon consideration of Plaintiff Jaime

Maravilla-Diego's Motion for Reargument (D.I. 98) of this Court's order granting

Defendant's, Saez & Son's LLC ("Saez & Son"), motion for summary judgment

(D.I. 94), Defendant's response thereto (D.I. 99), and the record in this matter, it

appears to the Court that:

(1)     A motion for reargument under Superior Court Civil Rule 59(e) permits the Court to reconsider its findings of fact, conclusions of law, or judgment.[1]  "Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59."[2]  The moving party has the burden to demonstrate that the Court must correct an error of law in or prevent manifest injustice deriving from its judgment.[3]  A Rule 59(e) application is not an avenue for the moving party to raise new arguments or to rehash arguments already decided by the Court.[4]  And such motion will be denied unless the Court has "overlooked a controlling precedent or legal principles," or "has misapprehended the law or facts such as would have

---

[1]     *Bd. of Managers of the Delaware Criminal Justice Info. Sys. v. Gannett Co.*, 2003 WL 1579170, at *1 (Del. Super. Ct. Jan. 17, 2003), *aff'd in part*, 840 A.2d 1232 (Del. 2003) (internal quotations omitted); *Cummings v. Jimmy's Grille*, 2000 WL 1211167, at *2 (Del. Super. Ct. Aug. 9, 2000).

[2]     *Kostyshyn v. Comm'rs of Bellefonte,* 2007 WL 1241875, at *1 (Del. Super. Ct. Apr. 27, 2007).

[3]     *See Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969) ("manifest purpose of all Rule 59 motions is to afford the Trial Court an opportunity to correct errors"); *Reid v. Hindt*, 2008 WL 2943373, at *1 (Del. Super. Ct. July 31, 2008).

[4]     *CNH Am., LLC v. Am. Cas. Co. of Reading, Pa.*, 2014 WL 1724844, at *1 (Del. Super. Ct. Apr. 29, 2014); *Reid*, 2008 WL 2943373, at *1; *Fisk Ventures, LLC v. Segal,* 2008 WL 2721743, at *1 (Del. Ch. July 3, 2008) ("[R]elief under Rule 59 is available to prevent injustice- not to offer a forum for disgruntled litigants to recast their losing arguments with new rhetoric.") (internal quotations and citations omitted).

changed the outcome of the underlying decision."[5] Upon a Rule 59(e) reargument motion, the Court "will determine from the motion and answer whether reargument will be granted."[6]

(2) Maravilla-Diego asks the Court to reconsider what "should be construed as the true 'moment of election.'"[7] In support of his motion, he argues that because his second petition was filed with the Industrial Accident Board ("IAB") after the statute of limitations for workers' compensation claims had run, it was "null and void when filed."[8] Thus, in his view, at that time, there was no "existing" remedy available to him through the IAB inconsistent with his damages claim at law.[9] As a result, Maravilla-Diego contends, the Court should not have found the final disposition on the second petition (either alone or as a continuation of his IAB litigation) a "basis to determine that [he] had 'elected' his remedy. . ."[10] According to Maravilla-Diego, his true "election" of a remedy was pursuing an action at law against Saez & Son before the running of the workers' compensation

---

[5] *Jackson v. Wallo*, 2012 WL 6846548, at *2 (Del. Super. Ct. Dec. 26, 2012) (quoting *Lamourine v. Mazda Motor of Am., Inc.*, 2007 WL 3379048, at *1 (Del. Super. Ct. Sept.24, 2007)).

[6] Super. Ct. Civ. R. 59(e).

[7] Pl.'s Mot. Reargument at 2-3.

[8] *Id.* at 2.

[9] *See id.*

[10] *Id.* at 3.

statute of limitations.[11]

(3)     The Court interprets Maravilla-Diego's argument a mere repetition of his entreaty to adopt a rule that there can be no election of remedies when one avenue sought has been unsuccessful, *i.e.*, there has been no recovery by that means.[12]     The Court considered case law interpreting the election of remedies doctrine in workers' compensation cases.[13]     But the Court ultimately found that the "resolution of one avenue of relief in a final judgment – rather than successful recovery – is most consistent with the election of remedies doctrine as it has been applied in Delaware."[14]     Maravilla-Diego simply attempts to rehash this argument, which the Court will not do under Rule 59(e).

(4)     Even so, to the extent Maravilla-Diego presents an argument that the Court misapprehended the law or overlooked controlling legal precedent, the Court finds this argument likewise unavailing.     This Court based its ruling on the unique procedural history of this case.[15]     Maravilla-Diego began with a first claim petition before the IAB, at which time his workers compensation remedy was valid and

---

[11]     *Id.* at 2-3.

[12]     *Id.* at 3-4.

[13]     *See Maravilla-Diego v. MBM Construction II, LLC*, 2015 WL 4468625, at \*7 (Del. Super. Ct. July 21, 2015) (discussing various approaches courts take when a party initially chooses an unsuccessful remedy).

[14]     *Id.*

[15]     *See id*. at \*7-8.

existing. He then engaged in a number of maneuvers that ultimately resulted in dismissal of his compensation claim. The unique procedural history presented here was emphasized by and critical to the Court in its decision.[16] While it may be true that the running of the statute of limitations, according to the IAB, here extinguished Maravilla-Diego's remedy under that second petition,[17] the Court could not view the second petition in isolation of the numerous other IAB filings and proceedings.

(5) If filing the time-barred "second" petition were all Maravilla-Diego had done before the IAB, then perhaps the Court would be faced with a different situation.[18] But this is not all he did – he had already filed a valid first petition, on which he obtained a favorable ruling that he was an employee and potentially entitled to benefits.[19] In the election of remedies analysis applicable here, Maravilla-Diego's second petition is just one step along his path to the final

---

[16] *See id.* at *8 (noting Maravilla-Diego "through numerous proceedings, pursued [his choice of remedy] to a final judgment," and finding "under the unique facts presented here, [he] had elected a remedy by pursuing workers' compensation benefits to a final judgment").

[17] *See Sheehan v. Oblates of St. Francis de Sales*, 15 A.3d 1247, 1259 (Del. 2011); *Cheswold Volunteer Fire Co. v. Lambertson Constr. Co.*, 489 A.2d 413, 421 (Del. 1984), *on reargument* (Feb. 15, 1985) ("the running of a statute of limitations will nullify a party's remedy"); *see also* DEL. CODE ANN. tit. 19, § 2361 (2015) (all personal injury "claims for compensation shall be forever barred" unless parties agree on compensation or appeal to the Board within 2 years of the accident).

[18] *Cf. Patrick v. Highbaugh*, 347 S.W.2d 88, 90 (Ky. 1961) (finding plaintiff did not possess a valid remedy under the Workers' Compensation Act by filing a claim that "was already barred by limitations at the very time it was asserted").

[19] *See* Decision on Employment Relationship, Ex. B to Def.'s Mot. Summ. J. at 11 n.13.

workers' compensation judgment; unfortunately, it was a misstep. The unique facts of this case distinguish it from the cases where there was a non-existent remedy *ab initio*[20] or where there was a recovery under one avenue that precluded a second recovery under another.[21] Maravilla-Diego himself treated his right of election "as still viable"[22] when he filed his second petition and fashioned his attempts as continuations of the IAB process. It would be "inconsistent" to now allow him to successfully argue that that petition and resulting judgment had no effect on his election.[23]

(6) The Court previously found that it did not and need not decide whether any individual filings before the IAB constituted an election of a remedy.[24] The analysis under the election of remedies doctrine is clear: where a

_____

[20] *See, e.g.*, *id.*

[21] *See, e.g.*, *Lyon v. In Bocca Al Luppo Trattoria*, 2012 WL 4321204, at *2 (Del. Super. Ct. Sept. 18, 2012) (finding plaintiffs who filed IAB petition and received a settlement payment from uninsured employer had "elected to pursue a remedy rooted in workers' compensation" and were therefore "barred from pursuing a second recovery" in negligence against employer); *Redifer v. Chester*, 720 S.E.2d 66, 69 (Va. 2012) (finding plaintiff elected remedy when he "successfully obtained a final workers' compensation award[, . . .] received some of that award from [his employer,] and [wa]s assured of recovering all the workers' compensation benefits to which he [wa]s entitled from [his employer]"; he therefore "received the recovery he sought under the [Workers' Compensation] Act").

[22] *Bailey v. McClelland*, 848 S.W.2d 46, 47 (Mo. Ct. App. 1993).

[23] *Id.* at 47-48 (claimant filed workers compensation claim, "abandoned" it, filed wrongful death action and pursued it to final judgment – court found subsequent claim under workers' compensation act was barred by final judgment in wrongful death action).

[24] *Maravilla-Diego v. MBM Construction II, LLC*, 2015 WL 4468625, at *6 (Del. Super. Ct. July 21, 2015).

party proceeds with one avenue of relief, making any decisive act with full knowledge of his rights and the facts, the party is said to have elected that remedy if a final judgment is rendered thereon.[25]

(7)  Maravilla-Diego next argues that the Court overlooked the important public policy of the Workers' Compensation Act.  The Court appreciates that the Act must be liberally construed in favor of injured employees.[26]  And the Court's holding here does not endanger the public policy purpose behind the Act.[27]

---

[25]  *Stoltz Realty Co. v. Raphael*, 458 A.2d 21, 23 (Del. 1983) (pursuit of one "remedial right to judgment or decree, whether for or against the plaintiff" is a decisive act constituting an election); *Sannini v. Casscells*, 401 A.2d 927, 931 (Del. 1979) (pursuit to a final judgment is election); *Elysian Fed. Sav. Bank v. Sullivan*, 1990 WL 20737, at *4 (Del. Ch. Mar. 2, 1990); *Scott v. City of Harrington*, 1986 WL 4494, at *2 (Del. Ch. Apr. 14, 1986); *O'Leary v. Telecom Res. Serv., LLC*, 2011 WL 2992099, at *4 (Del. Super. Ct. July 25, 2011); 28A C.J.S. *Election of Remedies* § 27 (2015) ("[A]n election is made only so long as the remedy elected has been pursued to a viable final judgment").  *See also Wagner v. Allied Chem. Corp.*, 623 F. Supp. 1412 (D. Md. 1985) ("Therefore, those plaintiffs who did in fact pursue their claims to a final ruling by the [Workers' Compensation] Commission are precluded from disregarding that . . . choice and pursuing common law claims against the same employer for the same injury."); *Walker v. Indus. Comm'n*, 528 P.2d 634, 637 (Ariz. Ct. App. 1974) finding "[i]nasmuch as petitioner *pursued his civil proceedings to a conclusion [o]n the merits* [. . .] and under the clear and unambiguous language of [the applicable workers' compensation statutory provision], must be held to have made a binding election precluding his subsequent attempt to claim compensation under the workmen's compensation act") (emphasis added).

[26]  *See Campos v. Daisy Constr. Co.*, 107 A.3d 570, 584 (Del. 2014) ("Because the Act was intended to benefit injured workers, our courts construe it liberally, and resolve any reasonable doubts in favor of the worker.")(internal quotations omitted); *Redifer*, 720 S.E.2d at 68-69 (giving effect to the legislative intent of the statute and liberally construing it in favor of the employee).

[27]  The Court addressed this in its decision:

> The Delaware Supreme Court has held that among the goals of workers' compensation is "to give an employee . . . a prompt and sure means of receiving compensation and medical care without subjecting him[ ] to the hazards and delays of a law suit."  And where an employer purposefully manipulates the system so that an

Generally, workers' compensation statutes affect a "compromise": employees receive quick adjudication of their claims; insured employers can be sure it is the exclusive remedy against them.[28] But the Act also gives injured employees an option of suing an uninsured employer at law.[29] This might lead to the simultaneous pursuit of workers' compensation benefits and damages at law.[30] That places a burden on both the administrative and judicial systems (and the litigants in each) – a burden that courts and their application of the election of remedies doctrine seek to balance while being mindful of the salutary purpose of such a scheme.[31] Here, the Court's application of Delaware's election of remedies construct does not upset that balance. Here, it was Maravilla-Diego's litigation strategy and miscues in executing such that caused this foreclosure, not a

<div style="margin-left:2em">

injured worker is left with no recourse following a workplace injury, the Court has found this to be contrary to the Act's purpose. But that is not so here.

</div>

*Maravilla-Diego*, 2015 WL 4468625, at *8 (citation omitted).

[28]     *See* 6 ARTHUR LARSON & LEX K. LARSON, LARSON'S WORKERS' COMPENSATION LAW § 102.03[5] (2013) (discussing legislation in *Delgado v. Phelps Dodge Chino, Inc.*, 34 P.3d 1148 (N.M. 2001)).

[29]     *Lyon v. In Bocca Al Luppo Trattoria*, 2012 WL 4321204, at *2 (Del. Super. Ct. Sept. 18, 2012); *Gonzalez v. Apartment Communities Corp.*, 2006 WL 2905724, at *2 (Del. Super. Oct. 4, 2006) (interpreting 19 *Del. C.* § 2374(b) (2006), which was re-ordered to read as § 2374(e) in the 2007 amendments to the Act).

[30]     *See, e.g.*, *Ratcliffe v. Fletcher*, 1996 WL 773003, at *3, *3 n.6 (Del. Dec. 24, 1996).

[31]     *E.g.*, *Elkins v. Derby*, 525 P.2d 81, 83 (Cal. 1974) (recognizing "heavy burden" duplicative procedures places on the "heavily burdened superior courts," and on claimants to allege contradictory pleas).

weakening of the Act or misapprehension of law by the Court.

(8)    The Court finds that Maravilla-Diego presents arguments already considered by the Court or new arguments improper at this time on a Rule 59(e) motion for reargument.[32]    Because he fails to meet his heavy burden of demonstrating a need to correct an error of law or to prevent manifest injustice, the Motion for Reargument is **DENIED.**

       **IT IS SO ORDERED.**

*/s/ Paul R. Wallace*
**PAUL R. WALLACE, JUDGE**

Original to Prothonotary
cc:  All counsel via File & Serve

---

[32]    *See CNH America, LLC v. Am. Cas. Co. of Reading, Pa.*, 2014 WL 1724844, at *1 (Del. Super. Ct. Apr. 29, 2014).