# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2246

_____

St. Paul Fire and Marine Insurance          *
Company; Charter Oak Insurance              *
Co.,                                         *
                                             *
        Plaintiffs - Appellees,              *
                                             *    Appeal from the United States
        v.                                   *    District Court for the Western
                                             *    District of Missouri.
Building Construction Enterprises,           *
Inc.,                                        *
                                             *
        Defendant - Appellant,               *
                                             *
        v.                                   *
                                             *
Building Construction Enterprises,           *
Inc.,                                        *
                                             *
        Third Party Plaintiff -              *
          Appellant,                         *
                                             *
        v.                                   *
                                             *
North River Insurance Company,               *
                                             *
        Third Party Defendant -              *
          Appellee,                          *
                                             *
Great American Alliance Insurance            *
Company,                                     *
                                             *
        Third Party Defendant.               *

_____

Submitted: February 15, 2008
Filed: May 23, 2008
_____

Before MELLOY, GRUENDER, and SHEPHERD, Circuit Judges.
_____

MELLOY, Circuit Judge.

Appellant, a general contractor, sought coverage under two insurance policies for expenses associated with the repair and reconstruction of a subcontractor's installation of underground concrete structures at a military base in Fort Riley, Kansas. Appellee-insurers brought the present declaratory judgment action to determine whether they owed coverage. The district court[1] applied Missouri law, the law of the forum state, to determine whether Missouri or Kansas substantive law should govern the insurance policies. See Eggleton v. Plasser & Theurer Exp. Von Bahnbaumaschinen Gesellschaft, MBH, 495 F.3d 582, 585 (8th Cir. 2007) (stating that the law of the forum state controls the choice-of-law analysis). The district court determined that, under Missouri law, the multi-factored test contained in Restatement (Second) of Conflict of Laws § 188 controlled and required examination of the states' contacts with the present case.

Applying the Section 188 test, the district court found that Missouri had more substantial contacts than did Kansas. Appellant, a Kansas corporation, had its headquarters in Missouri. Appellant carried out general construction activities in several states but performed only about 10% of its activities in Kansas. The parties otherwise had substantial contacts with Missouri: Missouri was not only the location of Appellant's headquarters, but the location of Appellant's insurance agent and the

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

-2-

place of contracting for the purpose of entering into the insurance contracts. After finding that Missouri law governed the insurance policies, the district court held that Missouri law did not require Appellees to provide coverage for Appellant's claim.

Appellant argued below that a different Restatement provision, Restatement (Second) of Conflict of Laws § 193, should control and would treat the site of the alleged harm, Kansas, as a controlling factor in the choice-of-law determination. Appellant also argued that Kansas law should apply even under the test of Section 188. On appeal, Appellant concedes that if Missouri law controls there is no coverage. Appellant argues, however, that the district court erred in applying Missouri law.

"We review the district court's choice-of-law determination de novo." Id. Missouri has adopted Restatement (Second) of Conflict of Laws §§ 188 and 193. Viacom, Inc. v. Transit Cas. Co., 138 S.W.3d 723, 724–25 (Mo. 2004). Section 188 is a general choice-of-law test for use when a contract contains no choice-of-law provision. It is a multi-factored test for assessing the contacts a state has with the parties and the underlying events in a case. See Viacom, 138 S.W.3d at 725 (describing Section 188). Section 193 is a more specific choice-of-law provision that addresses "contracts of fire, surety or casualty insurance" and treats the principal location of the insured risk as the most important factor in the choice-of-law determination. See Restatement (Second) of Conflict of Laws § 193 ("The validity of . . . [the] insurance and the rights created thereby are determined by the local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy . . . .").

The insurance policies in the present case were multiple-risk policies with coverage areas defined as the United States and Canada and without choice-of-law provisions. With multiple-risk insurance policies, there often will be no principal location for the insured risk. In such circumstances, the general, multi-factored test

of Section 188, rather than the site-specific test of Section 193, typically controls. See Restatement (Second) of Conflict of Laws § 193 cmt. a (stating that in cases where "there may be no principal location of the insured risk . . . the location of the risk can play little role in the determination of the applicable law. The law governing insurance contracts of this latter sort must be determined in accordance with the principles set forth in the rule of § 188."); Restatement (Second) of Conflict of Laws § 193 cmt. b (stating that situations where the risk cannot "be located, at least principally, in a single state . . . and where the location of the risk has less significance, include . . . where the policy covers a group of risks that are scattered throughout two or more states."). Comment f to Section 193, however, instructs that when a multiple-risk policy incorporates the statutory forms from several states, courts may elect to treat the single, multiple-risk policy as though it were a collection of separate, single-risk policies, each governed by the law of a different state. See Restatement (Second) of Conflict of Laws § 193 cmt. f ("[T]he single policy will usually incorporate the special statutory forms of the several states involved. Presumably, the courts would be inclined to treat such a case, at least with respect to most issues, as if it involved [several] policies, each insuring an individual risk.").

The district court determined that there was no principal location for the insured risk in this case such that the multi-factored Section 188 test, rather than the site-specific Section 193 test, applied. In reaching this conclusion, the district court emphasized that Appellant conducted business in several states and that nothing in the policies indicated the parties anticipated Kansas would be a primary location for the insured risks.

In arguing that there was a primary location for the insured risk and that the site-specific test of Section 193 should apply, Appellant urged the court to treat each one of its many underlying, written construction contracts as a separately insured contract, each setting forth a clearly defined location for a primary insured risk. In making this argument, Appellant pointed out that one of the insurance policies

provided that each written construction contract would be deemed a "designated contract." Appellant inferred that the policy's labeling of each written construction contract as a "designated contract" placed the present case squarely within the circumstances described by Comment f to Section 193.

While one of the policies, in fact, used the term "designated contracts," and the other used the term "described projects" we find no indication that the parties intended a different state's laws to control interpretation of the insurance policies for each written construction contract. The policy that contained the term "designated contracts" used that term in a section defining total aggregate policy limits and policy limits for designated contracts. The policy that contained the term "described projects" used that term in a section addressing deductibles. Neither policy, however, set forth a mechanism for Appellant to provide Appellees with copies of the written construction contracts or to inform Appellees of the sites of the work to be performed. Also, Appellant does not claim to have communicated information about its many written construction contracts to Appellees. Accordingly, while the policies demonstrate that the parties envisioned certain coverage limits or deductibles might apply on a project by project basis, there was no indication within the insurance policies or in subsequent documents that it was "possible to predict with fair accuracy where the risk [would] be located, or at least principally located, during the life of the policy." Restatement (Second) of Conflict of Laws § 193 cmt. b.

As noted, the district court ultimately determined that there was no single principal location for the insured risk under the policies such that the general test of Section 188 rather than the site-specific test of Section 193 controls. We agree with the district court's conclusion that Missouri law required the application of Section 188. We also agree with its ultimate conclusion that Missouri had more substantial contacts than did Kansas. We have considered Appellant's other arguments, and for the reasons set forth in the district court's well-reasoned opinion, we affirm.

_____