**Staci M. LEWIS, and McCartney M.E. Lewis, a minor, by and through her next friend, Burle Brown, Appellants,**

**DOT Transportation, Inc., Appellant,**

**v.**

**Nathan R. GILMORE and Buddy Freeman, Respondents.**

No. SC 91834.

Supreme Court of Missouri, En Banc.

June 12, 2012.

---

George J. Miller, Michael A. Connon, Miller/Salsbury Law Firm, Eureka, Patrick M. Reidy, Anthony F. Porto III, Monaco, Sanders, Gotfredson, Racine & Barber LC, Kansas City, for the Lewises.

W. James Foland, Scott D. Hofer, Foland, Wickens, Eifelder, Roper & Hofer PC, Kansas City, for Gilmore and Freeman.

RICHARD B. TEITELMAN, Chief Justice.

The issue in this case is whether a workers' compensation award against an in-

sured employer bars a wrongful death claim against an uninsured employer. The circuit court held that a workers' compensation award against the insured employer bars the wrongful death claim against the uninsured employer. The judgment is reversed because section 287.280.1, RSMo 2000, allows an injured party or his or her dependents to proceed in a civil action against the uninsured employer.

## FACTS

Lonnie Lewis died when the tractor trailer in which he was a passenger overturned. The driver of the truck, Nathan R. Gilmore, was operating the tractor trailer in the course of his employment with Buddy Freeman, d/b/a R & F Trucking. Freeman operated his tractor trailer pursuant to a contract with DOT Transportation. Freeman did not carry workers' compensation insurance. DOT did carry workers' compensation insurance.

Staci M. Lewis, Lonnie Lewis' widow, and McCartney M.E. Lewis, filed a claim for workers' compensation against Freeman and DOT. They also filed a wrongful death action against Freeman and Gilmore. The circuit court stayed the wrongful death action until a determination was made by the department of labor and industrial relations as to whether Lonnie Lewis' death occurred out of and in the course of his employment.

An administrative law judge entered an award in favor of Lewis' dependents. The ALJ found that Lewis was an employee of Freeman but that Freeman did not carry workers' compensation insurance even though he legally was required to do so. The ALJ determined that DOT Transportation was Lewis' statutory employer and ordered DOT to pay death and funeral benefits.

After the entry of the workers' compensation award, DOT intervened in the Lewises' wrongful death action. The circuit court granted summary judgment in favor of Gilmore and Freeman, finding that the wrongful death action was barred because the Lewises had made an election of remedies when they obtained a workers' compensation award against DOT. The Lewises and DOT appeal.

## ANALYSIS

When considering an appeal from a summary judgment, an appellate court reviews the record in the light most favorable to the party against whom judgment was entered and affords that party the benefit of all reasonable inferences. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). "The propriety of summary judgment is purely an issue of law." *Id.* The judgment will be affirmed if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Id.* at 380.

Both the Lewises and DOT assert that section 287.280.1 allowed the Lewises to proceed in a civil action against Freeman as a result of his failure to insure his liability under the Missouri workers' compensation laws even though the Lewises obtained a workers' compensation award against DOT. Resolution of this appeal requires an analysis of the plain language of section 287.280.1.

Section 287.280.1 provides:

Every employer subject to the provisions of this chapter shall, on either an individual or group basis, insure his entire liability thereunder, except as hereafter provided, with some insurance carrier authorized to insure such liability in this state, except that an employer or group of employers may themselves carry the whole or any part of the liability without insurance upon satisfying the

division of their ability so to do.... If the employer or group of employers fail to comply with this section, an injured employee or his dependents may elect after the injury either to bring an action against such employer or group of employers to recover damages for personal injury or death and it shall not be a defense that the injury or death was caused by the negligence of a fellow servant, or that the employee had assumed the risk of the injury or death, or that the injury or death was caused to any degree by the negligence of the employee; or to recover under this chapter with the compensation payments commuted and immediately payable; or, if the employee elects to do so, he or she may file a request with the division for payment to be made for medical expenses out of the second injury fund as provided in subsection 5 of section 287.220.

The plain language of section 287.280.1 requires certain employers to carry workers' compensation. When an employer does not carry workers' compensation insurance, the injured employee or his dependents "may elect" one of three options. First, the employee or his dependents may elect to file a civil action against "such employer." The term "such employer" refers to the employer that fails to carry legally required workers' compensation insurance. Second, the employee or his dependents may elect to "recover under this chapter" and pursue a workers' compensation claim. Third, the employee or his dependents may elect to seek payment from the second injury fund.

In this case, the Lewises elected the first option by filing an action against Freeman to recover damages for Lonnie Lewis's death. It is undisputed that Freeman and DOT Transportation are separate entities and that each had the responsibili-ty to secure workers' compensation insurance. Section 287.280.1 provides, "Every employer ... shall ... insure his entire liability[.]" The fact that DOT complied with section 287.280.1 and, therefore, was deemed to be the only statutory employer, does not excuse Freeman from his obligation to carry workers' compensation insurance. To the contrary, the plain language of section 287.280.1 provides that the consequence for an employer's failure to secure workers' compensation insurance is that the employee or his dependents may file a civil action against the employer. This is exactly what the Lewises did. To hold that the Lewises could not file a civil action would take away one of the options that the General Assembly gave an employee to seek redress against an employer who has done nothing to secure workers' compensation insurance for his employees. The plain language of section 287.280.1 gives the employee or his dependents this option.

 Freeman asserts that section 287.280.1 must be interpreted in accordance with the election of remedies doctrine. The election of remedies doctrine provides that "if there are two or more inconsistent remedies available, the election to pursue the one is a bar to any suit based upon the other." *U.S. Fidelity & Guar. v. Fidelity Nat'l Bank & Trust, Co.,* 232 Mo.App. 412, 109 S.W.2d 47, 48 (1937). The purpose of the doctrine is to prevent double redress for a single wrong. *Stromberg v. Moore,* 170 S.W.3d 26, 30 (Mo.App. 2005). Freeman further asserts that Missouri courts apply the election of remedies doctrine to workers' compensation claims without distinction from its application in other areas of law and, as a result, the wrongful death action against Freeman is barred by the Lewises receipt of a workers' compensation award against DOT. *See, e.g., Bailey v. McClelland,* 848 S.W.2d

46, 48 (Mo.App.1993). This argument is without merit.

First, as established above, the plain language of section 287.280.1 provides that the Lewises "may elect" to file a civil suit against an uninsured employer such as Freeman. That is what the Lewises did in this case.

Second, in cases such as *Bailey*, the employee or his dependents filed a workers' compensation claim and a civil action against a single uninsured employer. In that situation, consistent with the plain language of section 287.280.1, courts hold that the employee or his dependents "may elect" either a workers' compensation claim or a civil suit but cannot recover on both claims against the same uninsured employer. In contrast, the Lewises recovered workers' compensation benefits from DOT and also, pursuant to section 287.280.1, have elected to file a civil suit against Freeman due to his failure to carry workers' compensation insurance. There is no issue of an impermissible double recovery because any recovery by the Lewises in the civil action would be subject to DOT's subrogation rights.

Finally, adopting Freeman's argument would require this Court to rewrite section 287.280.1 to permit Freeman to avoid the statutory requirement that he carry workers' compensation insurance while also evading financial responsibility for his employee's injury. That is not the law. The Lewises' civil action against Freeman is not barred by their workers' compensation award from DOT.

The judgment is reversed, and the case is remanded.

FISCHER, STITH and DRAPER, JJ., concur.

RUSSELL, J., dissents in separate opinion filed.

BRECKENRIDGE and PRICE, JJ., concur in opinion of RUSSELL, J.

MARY R. RUSSELL, Judge, dissenting.

I respectfully dissent because I believe that the majority's opinion wrongly permits the Lewises two remedies for a single injury by allowing that they can obtain a workers' compensation award against the insured statutory employer and also pursue a civil action against the uninsured immediate employer. Contrary to the majority, I would not hold that section 287.280.1 [1] allows the Lewises to pursue two remedies merely because the immediate employer lacked workers' compensation insurance and can be sued in court under the provisions of the statute. Allowing pursuit of two remedies could lead to an impermissible double recovery that the election of remedies doctrine is designed to prevent.

"The election of remedies doctrine, a doctrine of estoppel, originates upon the theory that where a party has the right to pursue one of two inconsistent remedies and he makes his election, institutes suit, and prosecutes it to final judgment, he cannot thereafter pursue another and inconsistent remedy." *Whittom v. Alexander–Richardson P'ship*, 851 S.W.2d 504, 506 (Mo. banc 1993) (internal quotations omitted). The doctrine prevents an injured party from collecting a double recovery for a single injury. *Id.* " 'In [its] abstract form, [the election of remedies doctrine] becomes merely a legal version of the idea that one can't have his cake and eat it too.' " *Id.* (quoting Dan B. Dobbs, Remedies, § 1.5 at 14 (1973)).

1. All references to section 287.280 are to RSMo 2000.

Unlike the majority, I do not find that section 287.280.1 can be interpreted without consideration of the election of remedies doctrine. Interpretation of section 287.280.1 is guided by this framework:

> In construing statutes, a court ascertains the intent of the legislature from the language used and gives effect to that intent. The provisions of a legislative act are not read in isolation but construed together, and if reasonably possible, the provisions will be harmonized with each other. Insight into the legislature's object can be gained by identifying the problems sought to be remedied and the circumstances and conditions existing at the time of the enactment.

*Bachtel v. Miller County Nursing Home Dist.,* 110 S.W.3d 799, 801 (Mo. banc 2003) (internal citations omitted).

Considering these rules of construction, I read section 287.280.1 together with section 287.040,[2] which defines the workers' compensation liability for a statutory employer when the immediate employer fails to carry workers' compensation insurance. Under section 287.040.3, the "liability of the immediate employer shall be primary" when assessing workers' compensation liability to the employee. Section 287.040.3 further provides that, in the event that any compensation is paid by those secondarily liable [e.g. when the compensation is paid by the statutory employer because the immediate employer was uninsured], the compensation paid by the party not primarily liable "may be recovered from those primarily liable."

The legislative intent of section 287.280.1 is to ensure an avenue for a workers' compensation claimant to pursue compensation when an employer fails to carry workers' compensation insurance. But the statute's purpose is not to allow an additional avenue to pursue double compensation for the same injury simply because the immediate employer fails to carry workers' compensation insurance and there is another employer who can be pursued for a remedy. Instead, considering the compensation-recovery remedy available under section 287.040 together with the language of section 287.280.1, the optional remedy that remains in this case is not that the Lewises can collect another monetary award via a civil action but rather is that the insured statutory employer will seek recovery against the uninsured immediate employer.

The majority makes much of the fact that there are two distinct employers at issue in this case who were subject to two different remedies pursued by the Lewises—both the uninsured immediate employer who was sued in a civil action and the insured statutory employer who was ordered to pay workers' compensation. The presence of two employers, however, does not mean there are two injuries at issue that would overcome the double-compensation concerns sought to be addressed by the election of remedies doctrine—the Lewises sought redress for the same injury in both the civil action and the workers' compensation proceedings.

The majority also suggests that to prevent the Lewises' civil action removes the incentive that the immediate employer has to provide required workers' compensation insurance. But to the extent that the immediate employer's willingness to carry workers' compensation insurance is motivated by the financial implications of facing possible litigation, there remains a monetary incentive for the immediate employer to carry insurance. Even without a civil suit brought by the Lewises, the im-

---

**2.** All references to section 287.040 are to RSMo Supp.2011.

mediate employer still faces financial consequences because the statutory employer can seek redress for the workers' compensation payment that was awarded to the Lewises.

For these reasons, I would affirm the trial court's judgment.