

# Missouri Court of Appeals
## Southern District
### Division Two

| | |
|---|---|
| STEVE HARMAN, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| vs. | )　　　No. SD33414 |
| | ) |
| MANHEIM REMARKETING, INC., | )　　　Filed May 26, 2015 |
| | ) |
| Defendant-Respondent. | ) |

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Jason Brown, Associate Circuit Judge

<u>REVERSED AND REMANDED</u>

Steve Harman appeals the trial court's grant of summary judgment in favor of Manheim Remarketing, Inc. ("Manheim"), holding that Harman's civil action against Manheim for his injuries from a fall on Manheim's premises was barred by The Workers' Compensation Law, *see* sections 287.010-.811.  Harman claims that Manheim was not entitled to summary judgment because section 287.280.1,[1] gives him the right to bring a civil action against Manheim if Manheim failed to insure its full workers' compensation liability, as required by that section, and there are no uncontroverted facts in the summary judgment record supporting that Manheim was

---

[1] All references to section 287.280 are to RSMo Cum.Supp. 2005.

1

so insured.  We agree, reverse the trial court's judgment, and remand the case for further proceedings consistent with this opinion.

## Factual and Procedural Background

Harman filed a personal injury action in the trial court claiming negligence in connection with injuries he sustained as a result of his slip and fall on black ice on Manheim's premises on February 1, 2010, naming Manheim and one of Manheim's employees as defendants.[2]  Manheim answered and asserted various affirmative defenses, including

> that pursuant to [section 287.040.1[3]], Manheim is deemed to be the employer of [Harman] and the Missouri Workers' Compensation Act applies to each and every claim asserted against Manheim in [Harman's] Second Amended Petition.  As such, the Missouri Workers' Compensation Act provides the exclusive remedy for [Harman's] claims against Manheim.

Thereafter, Manheim filed a motion for summary judgment asserting as its legal basis that Harman's "negligence claim against Manheim fails as a matter of law as Manheim is the statutory employer[4] of [Harman] . . . [t]herefore, [Harman's] exclusive remedy against Manheim is through the Missouri Workers' Compensation Act."  In support of its motion, Manheim alleged seven statements of uncontroverted facts related to it that were all later admitted by Harman.  These uncontroverted facts are:

---

[2] The co-worker named as defendant did not move for summary judgment, and the judgment contested in this appeal was in favor of Manheim alone.  In accordance with Rule 74.01(b), the trial court expressly determined that its judgment was final for purposes of appeal and there was no just reason for delay.

All rule references are to Missouri Court Rules (2015).

[3] All references to section 287.040 are to RSMo Cum.Supp. 2009.

[4] Although never used in The Workers' Compensation Law, numerous cases have used the term "statutory employment" as a shorthand reference to the legal relationship created by the provisions of section 287.040.1 or .2 and the terms "statutory employer" and "statutory employee" to refer to the respective parties in that relationship. *See e.g.*, **Lewis v. Gilmore**, 366 S.W.3d 522, 525 (Mo. banc 2012) ("statutory employer"); **McCracken v. Wal-Mart Stores E., LP**, 298 S.W.3d 473, 476, 477 (Mo. banc 2009) ("statutory employment" and "statutory employee"); **Bass v. Nat'l Super Markets, Inc.**, 911 S.W.2d 617, 619 (Mo. banc 1995) ("statutory employment," "statutory employer" and "statutory employee"); **In re Brito-Pacheco**, 400 S.W.3d 817, 821, 822 (Mo.App. 2013) ("statutory employee" and "statutory employer").

2

1.  At all relevant times, [Harman] was employed by Securitas Security Services USA ("Securitas") as a security guard at Manheim.

2.  Securitas and Manheim entered into a contract for Securitas to provide security guards to protect Manheim's premises 24 hours a day, seven days a week.

3.  [Harman] provided the security services to Manheim pursuant to the contract between Manheim and Securitas.

4.  [Harman's] alleged injuries occurred on Manheim's premises.

5.  At the time of [Harman's] alleged fall, he had already begun his shift as a security guard and had just completed rounds of picking up paperwork from Manheim's various auction lots.

6.  [Harman] submitted a worker's compensation claim for his alleged subject injuries.

7.  Prior to contracting with Securitas to provide security services, Manheim hired its own security guards to provide the services that Securitas' security guards provided at the time of [Harman's] alleged fall.

In his response, Harman conceded that "he was a statutory employee of Manheim at the time of his fall." Harman asserted that, nevertheless, because he could "elect to sue Manheim to recover damages for personal injury if Manheim failed to comply with R.S.Mo. § 287.280 by failing to secure workers' compensation insurance that covered Steve Harman[,]" Manheim's motion for summary judgment must be denied due to Manheim's failure to plead and prove that it complied with the insurance requirements of section 287.280.1.

In its reply, Manheim admitted it "was not an insured under Securitas' Workers' Compensation Insurance Policy[,]" that Harman made a workers' compensation claim only against Securitas, and that the Stipulation for Compromise Settlement of that claim lists only Securitas as the employer. Although Manheim did not dispute that it was required under section 287.280.1 to carry workers' compensation insurance, it reasoned that "[n]othing in [section 287.280.1] requires a statutory employer to prove that it provided worker's compensation

3

insurance to be allowed immunity in a civil action pursuant to" section 287.120, in that "[s]ection 287.280 simply states that all employers must carry worker's compensation insurance."

The trial court granted Manheim's motion for summary judgmjnt and entered judgment in favor of Manheim accordingly. Harman timely appeals that judgment.

In a single point relied on, Harman asserts that "[t]he trial court erred in granting Manheim's Motion for Summary Judgment based upon [Manheim's] affirmative defense of exclusive remedy" pursuant to section 287.120, "because every employer subject to Chapter 287 must purchase insurance[,]" as provided in section 287.280.1, "in order to receive the benefit of the exclusive remedy shield under" section 287.120,[5] and Manheim produced no uncontroverted fact "that it carried Workers' Compensation Insurance required by R.S.Mo. § 287.280."

### Standard of Review

"Summary judgment is designed to permit the trial court to enter judgment, without delay, where the moving party has demonstrated, on the basis of facts as to which there is no dispute, a right to judgment as a matter of law. Rule 74.04." *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). "The key to summary judgment is the undisputed right to judgment as a matter of law, not simply the absence of a fact question." *Id.* at 380.

> When considering appeals from summary judgments, the Court will review the record in the light most favorable to the party against whom judgment was entered. Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. We accord the non-movant the benefit of all reasonable inferences from the record.

---

[5] All references to section 287.120 are to RSMo Cum.Supp. 2009.

Our review is essentially *de novo*. The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. The propriety of summary judgment is purely an issue of law. As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment.

*Id.* at 376 (internal citations omitted).

The burden is on the summary judgment movant to establish a right to judgment as a matter of law "flowing from facts about which there is no genuine dispute." *Id.* at 378. "The non-movant never needs to establish a right to judgment as a matter of law; the non-movant need only show that there is a genuine dispute as to the facts underlying the *movant's* right to judgment." *Id.* at 382-82.

In reviewing the propriety of the grant of the motion for summary judgment, this court first determines whether the movant is a claimant or a defending party. *Id.* at 380. "A claimant is one who 'seeks to recover,' without regard to whether recovery is sought by claim, counterclaim, cross-claim or declaratory judgment. *Rule 74.04(a)*." ***ITT Commercial Fin. Corp.***, 854 S.W.2d at 380. "A 'defending party' is one against whom recovery is sought. *Rule 74.04(b)*." ***ITT Commercial Fin. Corp.***, 854 S.W.2d at 380. Here, Harman sought recovery for personal injury against Manheim. Manheim answered and asserted affirmative defenses but did not file a counterclaim or cross-claim. As to Manheim's motion for summary judgment, therefore, Manheim is a defending party and Harman is a claimant.

When the party moving for summary judgment is a defending party, as is the case here, the movant's right to summary judgment can be established by showing one of the following:

> (1) facts that negate *any one* of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or (3) that there is no genuine

dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense.[6]

*Id.* at 381. Manheim's motion, based upon its workers' compensation exclusive remedy affirmative defense barring this civil action, falls within the third category.[7]

"A defendant has the burden to prove all affirmative defenses." **Warren v. Paragon Techs. Group, Inc.**, 950 S.W.2d 844, 846 (Mo. banc 1997). A defendant may establish a right to summary judgment by showing that there is no genuine dispute as to the existence of the facts required to support its affirmative defense. **ITT Commercial Fin. Corp.**, 854 S.W.3d at 381. The next consideration, therefore, in this court's determination regarding the propriety of the grant of summary judgment here, is "whether the uncontroverted material facts established [Manheim's] right to judgment as a matter of law." **Wood v. Copeland**, 450 S.W.3d 475, 477 (Mo.App. 2014). We determine they do not.

## Discussion

"The exclusivity provision of Chapter 287 is found in Section 287.120." **Amesquita v. Gilster-Mary Lee Corp.,** 408 S.W.3d 293, 299 (Mo.App. 2013). Section 287.120 provides, in pertinent part:

> 1. Every *employer* subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of the employee's employment, *and shall be released from all other liability therefor whatsoever*, whether to the employee or any other person. The term **"accident"** as used in this

---

[6] "An affirmative defense is a procedural tool available to defendants [that] 'seeks to defeat or avoid the plaintiff's cause of action[] and avers that even if the allegations of the petition are taken as true, the plaintiff cannot prevail because there are additional facts that permit the defendant to avoid the legal responsibility alleged.'" **Thompson v. Brown & Williamson Tobacco Corp.**, 297 S.W.3d 76, 122 (Mo.App. 2006) (quoting **Mobley v. Baker**, 72 S.W.3d 251, 257 (Mo.App. 2002)).

[7] "[A] claim that the [circuit] court has before it an exception to the normal rule that tort cases are determined by the circuit court is a matter of affirmative defense that must be pleaded and proved as provided in Rules 55.08 and 55.27." **McCracken v. Wal-Mart Stores East, LP**, 298 S.W.3d 473, 479 (Mo. banc 2009).

section shall include, but not be limited to, injury or death of the employee caused by the unprovoked violence or assault against the employee by any person.

2. The *rights and remedies herein granted to an employee* shall exclude all other rights and remedies of the employee, his wife, her husband, parents, personal representatives, dependents, heirs or next kin, at common law or otherwise, on account of such accidental injury or death, except such rights and remedies as are not provided for by this chapter.

(Italics added).

Manheim claimed in the trial court and asserts here that section 287.040.1 makes it an "employer," as that term is used in section 287.120, and therefore it is entitled to assert the exclusivity provisions in that section. Section 287.040.1 "is designed to prevent employers from evading the Act's requirements by hiring independent contractors to perform the work the employer otherwise would hire ordinary employees to perform." *McCracken v. Wal-Mart Stores East, LP*, 298 S.W.3d 473, 480 (Mo. banc 2009). As relevant here, section 287.040.1 provides:

> Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on *shall be deemed an employer* and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

(Emphasis added). The uncontroverted facts show and Harman admits and concedes that Manheim had work done under contract on its premises that was an operation of the usual business which Manheim there carried on, thereby meeting all the conditions precedent under this subsection for Manheim to be "deemed an employer." Therefore, Manheim is correct that it is an "employer" as that term is used in section 287.120. *Shaw v. Mega Indus., Corp.*, 406 S.W.3d 466, 468 (Mo.App. 2013); *Sexton v. Jenkins & Assocs., Inc.*, 41 S.W.3d 1 (Mo.App.

7

2000).  By that same analysis, however, Manheim is also an "employer" as that term is used in section 287.280.1.

Section 287.280.1 provides:

*Every <u>employer</u> subject to the provisions of this chapter shall*, on either an individual or group basis, insure his entire liability thereunder, except as hereafter provided, with some insurance carrier authorized to insure such liability in this state, except that an employer or group of employers may themselves carry the whole or any part of the liability without insurance upon satisfying the division of their ability to do so.  If an employer or group of employers have qualified to self-insure their liability under this chapter, the division of workers' compensation may, if it finds after a hearing that the employer or group of employers are willfully and intentionally violating the provisions of this chapter with intent to defraud their employees of their right to compensation, suspend or revoke the right of the employer or group of employers to self-insure their liability.  *If the <u>employer</u> or group of employers fail to comply with this section*, an injured employee or his dependents may *elect* after the injury either to *bring an action against such employer or group of employers to recover damages for personal injury or death and it shall not be a defense that the injury or death was caused by the negligence of a fellow servant, or that the employee had assumed the risk of the injury or death, or that the injury or death was caused to any degree by the negligence of the employee*; or to recover under this chapter with the compensation payments commuted and immediately payable; or, if the employee elects to do so, he or she may file a request with the division for payment to be made for medical expenses out of the second injury fund as provided in subsection 5 of section 287.220.  If the employer or group of employers are carrying their own insurance, on the application of any person entitled to compensation and on proof of default in the payment of any installment, the division shall require the employer or group of employers to furnish security for the payment of the compensation, and if not given, all other compensation shall be commuted and become immediately payable; provided, that employers engaged in the mining business shall be required to insure only their liability hereunder to the extent of the equivalent of the maximum liability under this chapter for ten deaths in any one accident, but the employer or group of employers may carry their own risk for any excess liability.  When a group of employers enter into an agreement to pool their liabilities under this chapter, individual members will not be required to qualify as individual self-insurers.

(Emphasis added). This section requires the employer to either carry insurance or qualify as a self-insurer.[8] *Mays v. Williams*, 494 S.W.2d 289, 291 (Mo. banc 1973). It "was intended to force employers to insure or bear the sanction or penalty of a partially defense free suit[,]" at the employee's election. *Id.* at 293.

Therefore, as a general proposition, employers are afforded the protection of the exclusivity provisions of section 287.120. *Shaw*, 406 S.W.3d at 468. Those provisions generally limit an injured employee's remedies to those provided under Chapter 287 and exclude that employee from pursuing a civil action. Section 287.120.2. If an employer, however, fails to insure its full liability under the Workers' Compensation Law as required by section 287.280.1, the express and plain language of that section confers upon the injured employee or his dependents the option to file a civil action against that employer. *Lewis v. Gilmore*, 366 S.W.3d 522, 525 (Mo. banc 2012). Moreover, in addition to granting the employee that optional remedy, which essentially rescinds the general exclusivity provided under section 287.120, if the employee exercises that option, the employer is stripped of several common-law defenses that might otherwise be available but for that employer being subject to the provisions of Chapter 287. Section 287.040.1.

Manheim, nevertheless, urges us to distinguish and depart from the clear holding in *Lewis* by reading into the plain language of section 287.280.1 an exemption to the insurance requirement when the employer has no liability to the employee under the last sentence of section 287.040.3. That sub-section of section 287.040 provides

> In all cases mentioned in the preceding subsections, the immediate contractor or subcontractor shall be liable as an employer of the employees of his subcontractors. All persons so liable may be made parties to the proceedings on

---

[8] Any further references in this opinion to "insurance" in the context of the requirements of section 287.280.1 include both compliance methods mentioned in that statute—by insurance policy and by qualifying to self-insure. The distinction between the two methods is not relevant to any issue addressed in this appeal.

the application of any party. The liability of the immediate employer shall be primary, and that of the others secondary in their order, and any compensation paid by those secondarily liable may be recovered from those primarily liable, with attorney's fees and expenses of the suit. Such recovery may be had on motion in the original proceedings. *No such employer shall be liable as in this section provided, if the employee was insured by his immediate or any intermediate employer.*

(Emphasis added). Manheim argues:

> The undisputed facts in this matter show that Securitas paid worker's compensation benefits to Harman. If Securitas had not been able to provide benefits Manheim may have been responsible for providing said worker's compensation benefits. The fact Manheim was not called upon in this instance to provide Harman worker's compensation benefits does not mean that it will not be liable in the next instance for worker's compensation benefits. As such, any worker's compensation insurance Manheim could have provided that could have covered Harman is irrelevant.

We disagree. Manheim's compliance with the section 287.280.1 insurance requirement is not only highly relevant, it is dispositive.

"The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning." *Wolff Shoe Co. v. Dir. of Revenue*, 762 S.W.2d 29, 31 (Mo. banc 1988). "'The legislature is presumed to have intended what the statute says, and if the language used is clear, there is no room for construction beyond the plain meaning of the law.'" *State ex rel. KCP & L Greater Mo. Operations Co. v. Cook*, 353 S.W.3d 14, 17 (Mo.App. 2011) (quoting *State v. Sharp*, 341 S.W.3d 834, 839 (Mo.App. 2011)).

Workers' compensation laws are to be strictly construed. Section 287.800, RSMo Cum.Supp. 2009. In strictly construing a statement, we presume nothing that is not expressed. *Templemire v. W & M Welding, Inc.*, 433 S.W.3d 371,381 (Mo. banc 2014).

Manheim concedes that under section 287.040.3 it had secondary liability for Harman's injuries. Manheim also acknowledges that section 287.280.1 requires it to insure that liability

10

because it falls within its "full liability" under Chapter 287. Nothing in the expressed plain language of section 287.280.1 relieves Manheim from that insurance requirement in the event that another employer with primary liability pays the workers' compensation claim.

A similar argument was made by the employee in **Shaw** related to the applicability of the exclusivity provisions of section 287.120. 406 S.W.3d at 469. There, "[r]elying on the final sentence of § 287.040.3, and the opening clause of § 287.120.1, Shaw argue[d] that 'a contractor is only entitled to immunity [from common-law actions] if it is *liable* under the Act for benefits.'" **Id.** (emphasis added). The western district of our court rejected that argument noting that the use of the term "employer" without further qualification in the plain wording of the opening clause of section 287.120 means that "[a]ctual payment of workers' compensation benefits is not a prerequisite for this immunity from common-law actions." **Id.** at 473.[9]

The opening clause of section 287.120.1 requiring exclusivity by the employee—"[e]very employer subject to the provisions of this chapter"—as considered in **Shaw**, is identical to the opening clause of section 287.280.1 requiring insurance by the employer. For the same plain language reason that the **Shaw** court would not read an "actual payment of workers'

---

[9] As cited and noted by Manheim in its brief, the same result was reached under a liberal construction of the Workers' Compensation Law in **Sexton v. Jenkins & Associates, Inc.**, 41 S.W.3d 1 (Mo. App. 2000).

> Sexton is correct that under § 287.040.4 [now 287.040.3] Jenkins is not liable to him since Intec was Sexton's immediate employer and it provided a workers' compensation insurance policy that covers Sexton. However, just because Jenkins is not liable to Sexton under § 287.040.4 does not mean that the Workers' Compensation Law does not apply to Jenkins. Section 287.040.4 merely serves to prioritize the obligations of contractors and subcontractors. If Intec did not have coverage, § 287.040.4 would permit Sexton to recover against Jenkins, his statutory employer. *See* **Vatterott**, 968 S.W.2d at 122. Whether Intec is insured or not and whether Jenkins is liable or not, Jenkins is still Sexton's statutory employer under § 287.040 .3 [now 287.040.3]. Just because Jenkins is not liable to Sexton for coverage in this instance does not remove Jenkins' civil immunity.

**Sexton**, 41 S.W.3d at 6-7. While neither **Shaw** nor **Sexton** address or consider the section 287.280.1 employer insurance requirement, the analysis in both cases supporting that actual liability is not required to apply the section 287.120 exclusivity requirement to employees also supports that actual liability is not required to apply the section 287.280.1 insurance requirement to employers.

11

compensation benefits" requirement into the plain wording of section 287.120.1 based upon this phrase and its interplay with the last sentence in section 287.040.3 for the benefit of the employee as to exclusivity, we cannot read such a requirement into the identical plain wording of section 287.280.1 for the benefit of the employer as to insurance. Under the express and plain wording of section 287.280.1, Manheim was required to insure its full liability under the Workers' Compensation Law or suffer the provided penalty, which included Harman's election to file a civil action against it. *Lewis*, 366 S.W.3d at 525. The strict construction of the express and plain language of this section precludes us from presuming or reading into it anything otherwise. *Templemire*, 433 S.W.3d at 381.

Manheim had within its possession and control all the knowledge, information, and documentation necessary to easily demonstrate its compliance with the insurance requirement of section 287.280.1, yet it did not to do so in its motion for summary judgment.[10] Without any proof of such compliance in its summary judgment record, Manheim failed to plead and prove an uncontroverted fact necessary to support its affirmative defense that the Workers' Compensation Law barred Harman from bringing this civil action. *See ITT Commercial Fin. Corp.*, 854 S.W.2d at 381. Manheim, therefore, was not entitled on that legal basis to judgment as a matter of law. *Id.* Harman's point is granted.

### Decision

The trial court's grant of summary judgment in favor Manheim is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.


GARY W. LYNCH, J. –  Opinion author

---

[10] We also note the converse—such information and documentation was not readily or easily known or available to Harman.

12

NANCY STEFFEN RAHMEYER, J. – concurs

DON E. BURRELL, J. – concurs