# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-3355

_____

Employers Preferred Insurance Company, a Florida Corporation,

*Plaintiff - Appellee,*

v.

Hartford Accident and Indemnity Company, a Connecticut Corporation,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: September 28, 2018
Filed: January 10, 2019

_____

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Hartford Accident and Indemnity Company appeals the district court's[1] grant of summary judgment in favor of Employers Preferred Insurance Company. Employers filed this action for declaratory judgment to clarify whether Hartford had

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

a duty to pay half of the expenses related to an underlying workers' compensation claim. We conclude that Hartford's purported cancellation of an insurance policy, after a workers' compensation claim had arisen, is void under Missouri law. We therefore affirm the judgment.

The appeal arises from a workers' compensation claim at Hoeckele's Bakery in Perryville, Missouri. Paul and Angela Hoeckele operate the bakery. In the summer of 2013, the Hoeckeles set out to purchase the Bakery's workers' compensation insurance for the coming year. The Bakery had an existing policy with Hartford, and Angela completed a renewal application and paid the premium for a new policy to run from July 20, 2013, to July 20, 2014. A few weeks later, on August 9, 2013, Paul submitted an application and paid the premium for a policy from Employers, also to run from July 20, 2013, to July 20, 2014. The reason for this double coverage is unclear, but by mid-August 2013, the Bakery had acquired two workers' compensation insurance policies, one from Hartford and one from Employers.

In May 2014, an employee of the Bakery died in an automobile accident in the course of his employment. Employers covered the legal costs and attorney fees associated with the subsequent workers' compensation claim and paid benefits to the employee's widow. Employers then sought equitable contribution from Hartford, on the ground that both policies were in effect on the date of the accident and both policies contained language guaranteeing an equal division of costs in the event of concurrent coverage.

When Hartford declined to contribute, Employers brought this action. The district court granted summary judgment for Employers, and we review the judgment *de novo*. As a federal court with jurisdiction based upon diversity of citizenship, we apply the substantive law of Missouri. *See St. Paul Fire & Marine Ins. Co. v. Bldg. Constr. Enters., Inc.*, 526 F.3d 1166, 1168-69 (8th Cir. 2008).

Hartford maintains that it does not owe any contribution because the Hoeckeles never intended to carry two policies for the Bakery and terminated the redundant coverage with Hartford. When a Hartford agent told Paul after the accident that the Hartford policy was active, Paul first expressed confusion, thinking that the premium had never been paid, and then filed a cancellation request on July 8, 2014. Hartford retroactively cancelled the policy, effective July 20, 2013, and issued the Hoeckeles a full refund of their premium. By its telling, Hartford owes no contribution because the Hoeckeles never wanted the Hartford policy in the first place, and Hartford never would have issued the policy if it had known that the Hoeckeles did not want the coverage.

This argument fails because Missouri law bars Hartford from cancelling a policy, and eliminating its duty to defend and indemnify, after an insured has become liable for a workers' compensation claim. The governing statute provides that "[n]o such contract of insurance shall be cancelled or annulled by any agreement between the insurance company and the assured after the said assured has become responsible for such loss or damage, and any such cancellation or annulment shall be void." Mo. Rev. Stat. § 379.195.2. Hartford's cancellation of the Bakery's policy on July 8, 2014, almost two months after the Bakery employee's fatal accident, is therefore void.

Hartford contends that the statute was designed to protect individuals from their insurers and is inapplicable in cases where an insurance company seeks contribution from another insurer. The company notes that § 379.195 was part of a larger act designed to facilitate payments of casualty insurance: "An Act to regulate the payment under contracts of casualty insurance occasioned by losses on account of bodily injury or death or damage to property, and providing for the manner and form of remedy." The second part of the act, now codified separately, concerned the rights of injured parties as judgment creditors to proceed against tortfeasors and their insurers.

These arguments do not overcome the clear statutory text, for under Missouri law, "the primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute." *Akins v. Dir. of Revenue*, 303 S.W.3d 563, 565 (Mo. 2010). The plain language of § 379.195.2 makes "void" any cancellation of an insurance policy after "loss or damage," with no exceptions. A legislature's words sometimes sweep more broadly than the specific purpose that motivated individual legislators, but it is the text, not the intentions, that constitute law. There is no ambiguity in the text that justifies resort to the statute's title to ascertain meaning. *Cf. In re Graves*, 30 S.W.2d 149, 152 (Mo. 1930). And there is no absurdity here that justifies judicial revision of the text; Hartford was paid to provide coverage, and a reasonable legislature might well seek to avoid competing efforts to cancel by concurrent insurers.

Hartford also raises an affirmative defense that the Bakery's purchase of the Hartford policy was a mutual mistake. "A mutual mistake occurs when both parties, at the time of contracting, share a misconception about a basic assumption or vital fact upon which they based their bargain." 27 Richard A. Lord, Williston on Contracts § 70:107, at 536 (4th ed. 2003). Under Missouri law, when two parties make a mistake about a material aspect of the contract, there is no mutual assent, and no real agreement is formed. *Fulton v. Bailey*, 413 S.W.2d 514, 518 (Mo. 1967). Citing *Great Atlantic Insurance v. Liberty Mutual Insurance*, 576 F. Supp. 561 (E.D. Mo. 1983), Hartford argues that § 379.195.2 is inapplicable because cancellation of the policy was not based on "a *subsequent* agreement, but rather on the pre-existing agreement and intention of the parties as of the time the policy was issued." *Great Atl. Ins.*, 576 F. Supp. at 565.

Assuming for the sake of analysis that the defense was properly pleaded, Hartford identifies no mutual mistake during the formation of the insurance contract. Angela's submission of the Hartford application and payment of the premium to Hartford created a binding contract. Whatever Paul might have believed later when

he submitted an application for insurance with Employers could not demonstrate a mistake at the time when the Bakery, through Angela, contracted with Hartford. Unlike in *Great Atlantic Insurance*, where a clerical error led the contract to deviate from the intent of the parties, *id.* at 564, the Bakery received what it contracted for on July 17, 2013—a workers' compensation insurance policy from Hartford. The Hoeckeles may never have wanted the Bakery to take on double coverage, but the contract with Hartford at most constitutes an administrative misstep by the Hoeckeles, not a mutual mistake under contract law that could avoid the prohibition on cancellation under § 379.195.2.

The judgment of the district court is affirmed.

_____