# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2345
_____

Nathan Blanton

*Plaintiff - Appellant*

v.

The Kansas City Southern Railway Company

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: January 13, 2022
Filed: May 10, 2022

_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Nathan Blanton, a locomotive engineer, sued Kansas City Southern Railway Company ("KCSR") for negligence after he sustained injuries in a railcar collision. The district court[1] granted summary judgment to KCSR. We affirm.

_____

[1] The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri.

# I.

Nathan Blanton worked as a locomotive engineer for In-Terminal Services ("ITS"). ITS contracted to provide railcar-switching services for KCSR. The contract required ITS to carry workers' compensation insurance. During a shift in October 2012, a KCSR dispatcher authorized Blanton to occupy a railroad track but failed to mention that three empty train cars had been left on the track. Unable to slow down, Blanton's train collided with the empty train cars, and Blanton was injured.

Blanton filed a workers' compensation claim with ITS and received a lump-sum payment after settling the claim. He then filed a civil negligence action against KCSR, which does not carry workers' compensation insurance. KCSR moved for summary judgment, and the district court granted KCSR's motion on the ground that KCSR was exempt from liability under Missouri's workers' compensation law. Blanton appeals.

# II.

We review a grant of summary judgment *de novo*. *Avenoso v. Reliance Standard Life Ins.*, 19 F.4th 1020, 1024 (8th Cir. 2021). "Summary judgment is proper only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted).

Missouri's workers' compensation statute imposes liability on employers for workplace injuries. Mo. Rev. Stat. § 287.120.1. The statute provides the "exclusive remedy" for such injuries, *Mo. All. for Retired Ams. v. Dep't of Lab. & Indus. Rels.*, 277 S.W.3d 670, 679 (Mo. 2009); Mo. Rev. Stat. § 287.120.2 ("The rights and remedies herein granted to an employee shall exclude all other rights and remedies . . . , at common law or otherwise . . . ."); so in most cases, the statute shields employers from civil negligence actions and injured employees must proceed before the Labor and Industrial Relations Commission ("Commission"), *see State ex rel.*

*Tri-Cnty. Elec. Co-op. Ass'n v. Dial*, 192 S.W.3d 708, 710 (Mo. 2006) ("The Commission has exclusive jurisdiction in the first instance as to matters covered by the Workers' Compensation Act." (brackets omitted)). As an exception, workers or their dependents "may elect . . . to bring a[] [civil] action" seeking damages for personal injury or death against employers who violate the statutory requirement to carry workers' compensation insurance or qualify as a self-insurer. Mo. Rev. Stat. § 287.280.1; *see Mays v. Williams*, 494 S.W.2d 289, 291 (Mo. 1973). In such actions, the statute disallows the common-law defenses of the fellow-servant rule, assumption of risk, and contributory negligence. Mo. Rev. Stat. § 287.280.1. The Missouri Supreme Court in *Lewis v. Gilmore* held that an employee could sue his immediate employer under section 287.280.1 even if the employee had already recovered workers' compensation from an intermediate "statutory employer" (a contractor that is "deemed an employer" under section 287.040.1). *See* 366 S.W.3d 522, 524, 526 (Mo. 2012).

Missouri Revised Statutes section 287.040 governs the liability of "statutory employer[s]." *See Shaw v. Mega Indus., Corp.*, 406 S.W.3d 466, 468-69 (Mo. Ct. App. 2013). "[A]t least in certain circumstances, a contractor will be deemed to be the employer of its subcontractors' employees," *id.* at 468, and "shall be liable under this chapter" to them, Mo. Rev. Stat. § 287.040.1. Statutory employers have "secondary" liability while immediate employers have "primary" liability, so that "any compensation paid by those secondarily liable may be recovered from those primarily liable." Mo. Rev. Stat § 287.040.3. Section 287.040.3 states that "[n]o such [secondarily liable] employer shall be liable as in this section provided, if the employee was insured by his immediate or any intermediate employer."

Blanton argues that section 287.280.1, the civil-action provision, authorizes his civil action because KCSR failed to carry workers' compensation insurance. KCSR responds that it is not liable because Blanton "was insured by his immediate . . . employer," triggering the exemption from liability for statutory employers in section 287.040.3. According to Blanton, however, section 287.040.3 exempts KCSR from workers' compensation liability only, not liability from civil actions.

-3-

"[U]nder Missouri law, 'the primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute.'" *Emps. Preferred Ins. v. Hartford Accident & Indem. Co.*, 913 F.3d 754, 756-57 (8th Cir. 2019) (quoting *Akins v. Dir. of Revenue*, 303 S.W.3d 563, 565 (Mo. 2010)). Missouri's workers' compensation law must be strictly construed. Mo. Rev. Stat. § 287.800.1. "When strictly construing workers' compensation statutes, [courts] may not add or subtract words from a statute or ignore the plain meaning of the words that are there." *Cosby v. Treasurer of State*, 579 S.W.3d 202, 207 n.4 (Mo. 2019) (internal quotation marks omitted); *see Templemire v. W & M Welding, Inc.*, 433 S.W.3d 371, 381 (Mo. 2014) ("[S]trict construction of a statute presumes nothing that is not expressed.").

ITS carried workers' compensation insurance, so there is no dispute that "the employee was insured by his immediate . . . employer." *See* Mo. Rev. Stat. § 287.040.3. Consequently, "[n]o [statutory] employer shall be liable as in this section provided." *Id.*

We are not persuaded that the liability "as in [section 287.040] provided," *id.*, is limited to workers' compensation liability falling within the exclusive purview of the Commission, *see* Mo. Rev. Stat. § 287.120 (delineating employers' liability, "irrespective of negligence," for workplace injuries); *Atwell v. Fitzsimmons*, 452 S.W.3d 670, 677 (Mo. Ct. App. 2014) (listing provisions authorizing administrative tribunals within the Commission to award workers' compensation benefits). Nowhere in section 287.040 does the text differentiate between workers' compensation liability and civil liability. Instead, the first mention of liability in section 287.040 is the statement that statutory employers "shall be liable *under this chapter* to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of business." Mo. Rev. Stat. § 287.040.1 (emphasis added). This language does not discriminate between the different kinds of liability provided in chapter 287; it includes liability, "irrespective of negligence," Mo. Rev. Stat. § 287.120.1, for benefits that the Commission is authorized to award, *e.g.*, Mo. Rev.

-4-

Stat. §§ 287.170 (temporary total disability benefits), 287.180 (temporary partial disability benefits), as well as civil liability as authorized by section 287.280.1. If the legislature intended section 287.040 to reach only the former, we would expect the immunity to cover liability "as in section 287.120.1 provided," not liability "as in *this* section provided." *See* Mo. Rev. Stat. § 287.040.3 (emphasis added).

The only other provision in section 287.040 referencing liability is section 287.040.3, which provides that "the immediate contractor or subcontractor shall be liable as an employer of the employees of his subcontractors" and categorizes immediate-employer liability as "primary" and the liability of other employers as "secondary." This too does not exclude civil liability as authorized by section 287.280.1.

As the provisions in section 287.040 show, that section does not impose liability by itself; rather, it confers the status of "employer" to contractors, making them liable "under this chapter" where they otherwise would not be. Mo. Rev. Stat. § 287.040.1; *see generally* § 287.120.1 (imposing liability on "employer[s]"); § 287.280.1 (authorizing civil actions against "employer[s] subject to the provisions of this chapter" who have not insured their liability); *Gray v. FedEx Ground Package Sys., Inc.*, 799 F.3d 995, 999-1000 (8th Cir. 2015) (listing the factors for determining employment status under Missouri law). We accordingly interpret "liable as in this section provided" to mean "liable as an employer"; that is, liable as a statutory employer. *See* Mo. Rev. Stat. § 287.040.3. Blanton concedes that a contractor like KCSR would not be subject to the civil-action provision but for its status as an employer, which it possesses solely by virtue of section 287.040. KCSR's potential liability, therefore, is liability "as in [section 287.040] provided," so it enjoys the immunity from suit. *See* Mo. Rev. Stat. § 287.040.3.

The only textual evidence Blanton cites in favor of his interpretation is the civil-action provision itself. True, that provision allows injured employees to "elect . . . to bring an action" against employers who do not insure their liability, and it does not qualify that right except by prohibiting certain common-law defenses. Mo.

Rev. Stat. § 287.280.1. But the provision does not reference section 287.040, and there is no indication that it was intended to create an exception to the liability exemption in section 287.040.3. More likely, because the civil-action provision itself carves out an exception to the rule in section 287.120.2 that workers' compensation is the "exclusive remedy" for workplace injuries, *see Mo. All. for Retired Ams.*, 277 S.W.3d at 679, the provision is not intended to override an immunity provided elsewhere in the statute. *Cf. Butler v. Mitchell-Hugeback, Inc.*, 895 S.W.2d 15, 19-20 (Mo. 1995) (noting, in the statute of limitations context, that "[s]tatutory exceptions are strictly construed and are not to be enlarged," and rejecting a broad construction of a term that "would, in effect, cause the exception to consume the statute of limitation and defeat the legislative purpose").

The requirement to construe strictly the workers' compensation law does not compel Blanton's interpretation. If we strictly construe section 287.280.1 in isolation, then we must hold that civil negligence actions are always allowed against statutory employers who fail to insure their liability, as Blanton requests. And if we strictly construe section 287.040.3, then we must also hold that statutory employers are always immune from liability when the immediate employer carries insurance. Fortunately, this seeming contradiction can be averted by applying the principle that "statutory phrase[s] cannot be read in isolation." *Gash v. Lafayette Cnty.*, 245 S.W.3d 229, 232 (Mo. 2008). "The provisions of a legislative act are . . . construed together and read in harmony with the entire act." *Id.* (alteration omitted). Here, harmony is achieved by construing the civil-action provision as an exception to the exclusive-remedy rule, not as an exception to the immunity for statutory employers. The different functions of the two provisions reveal that they are, in fact, compatible. Section 287.280.1 authorizes a procedure for recovery—the civil action—while section 287.040.3 creates a defense to liability. Understood this way, the provisions are no longer contradictory; supposing Blanton has a right to initiate suit against KCSR under section 287.280.1, KCSR has a complete defense under section 287.040.3. *See Earth Island Inst. v. Union Elec. Co.*, 456 S.W.3d 27, 33 (Mo. 2015) ("When two statutory provisions covering the same subject matter are unambiguous standing separately but are in conflict when examined together, a reviewing court

must attempt to harmonize them and give them both effect.") (internal quotation marks omitted).

The precedent cited by Blanton is unavailing. In *Lewis*, the Missouri Supreme Court upheld a wrongful-death action against a worker's immediate employer, even though the plaintiffs had already recovered worker's compensation from a statutory employer. *See* 366 S.W.3d at 525-26. The court reasoned that the "plain language of section 287.280.1 requires certain employers to carry workers' compensation [insurance]" and permits employees or their dependents "to file a civil action against [any] such employer" that violates this requirement. *Id.* at 525 (internal quotation marks omitted). Crucially, in *Lewis*, the worker's immediate employer did not carry insurance, so the immunity for statutory employers in section 287.040.3 was inapplicable. *See id.* By contrast, Blanton "was insured by his immediate . . . employer," triggering the immunity and necessitating a construction of the statute that harmonizes both provisions. *See* Mo. Rev. Stat. § 287.040.3.

Blanton's other chief authority is more on point. In *Harman v. Manheim Remarketing, Inc.*, an injured worker brought a civil action against his uninsured statutory employer after obtaining workers' compensation from his immediate employer. *See* 461 S.W.3d 876, 877-78 (Mo. Ct. App. 2015). The Missouri Court of Appeals relied on *Lewis*, holding that the "plain wording of section 287.280.1" permitted a civil action where the statutory employer failed to carry workers' compensation insurance. *Id.* at 884. In denying the employer immunity under section 287.040.3, the court again invoked the civil-action provision, explaining that "[t]he strict construction of the express and plain language of [section 287.280.1] precludes us from presuming or reading into it anything otherwise." *Id.* at 883-84. The court did not offer an interpretation of section 287.040.3, nor did it explain why the conflict between the two provisions should be resolved in favor of section 287.280.1. *See id.*

An earlier case from the same court came to the opposite conclusion, however. In *Augur v. Norfolk Southern Railway Co.*, an injured worker obtained workers'

compensation from his immediate employer and sued his statutory employer for negligence. 154 S.W.3d 510, 512, 517 (Mo. Ct. App. 2005). The court agreed with the statutory employer's view that "because [the worker]'s immediate employer . . . carried workers' compensation insurance . . . , [the worker] cannot bring suit against . . . [his] remote employer, for the same injuries." *Id.* at 517 n.6. The *Augur* decision gives effect to the plain meaning of section 287.040.3 and is consistent with our harmonizing construction of the two provisions. Therefore, we find *Augur* persuasive, and we decline to follow *Harman*'s conflicting holding. *See Burger v. Allied Prop. & Cas. Ins.*, 822 F.3d 445, 447 (8th Cir. 2016) ("Decisions by the Missouri Court of Appeals may be used as an indication of how the Missouri Supreme Court may rule, but we are not bound to follow these decisions.").

Finally, Blanton characterizes some language in *Augur* as interpreting the immunity in section 287.040.3 to apply only to workers' compensation liability, not to civil liability in an action under section 287.280.1. He points out that *Augur* primarily held that "the trial court lacked jurisdiction," 154 S.W.3d at 517-18, because the defendant, a statutory employer under section 287.040.1, was protected by the statute's exclusivity shield. *Id.* Blanton contends that the court's ensuing discussion of the immunity in section 287.040.3 "pertained solely to the issue of whether the defendant would be liable in workers' compensation," and had no bearing on the propriety of the civil action. He specifically highlights the court's statement that section 287.040 "deals with the determination of who pays *under the worker's compensation act*" and its conclusion that the defendant was "not liable to Mr. Augur *in workers' compensation* as a remote employer under section 287.040.4," which has since been renumbered as section 287.040.3, 2005 Mo. Legis. Serv. S.B. No. 1, sec. A (West). *See Augur*, 154 S.W.3d at 517 n.6 (emphases added). Because these statements were responding to and agreeing with the employer's argument that, under section 287.040.4, the plaintiff "cannot bring suit," and they arose in the context of a civil negligence action that was ultimately barred, Blanton's reading is doubtful. *See id.* at 511, 517 & n.6. But even if Blanton correctly reads *Augur*, the comments he cites were made in passing without analysis by an intermediate court, and they would not disturb our conclusion. *See Burger*,

822 F.3d at 447. Because Blanton "was insured by his immediate . . . employer," KCSR is not liable and is entitled to judgment as a matter of law. *See* Mo. Rev. Stat. § 287.040.3.[2]

## III.

For the foregoing reasons, we affirm the district court's grant of summary judgment to KCSR.

_____

[2]Because we affirm on the ground that the Missouri worker's compensation statute exempts KCSR from liability, we do not address KCSR's argument that requiring it to carry workers' compensation insurance would be inconsistent with the Federal Employers Liability Act.