

# In the Missouri Court of Appeals
# Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| WMAC 2013, LLC, | ) | No. ED107204 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Honorable Thea A. Sherry |
| DENNIE R. GLADNEY, et al., | ) | |
| | ) | |
| Appellants. | ) | FILED: January 14, 2020 |

## Introduction

Dennie R., Sharon, and Diana Gladney (collectively "the Gladneys") appeal from the trial court's grant of summary judgment to WMAC 2013, LLC ("WMAC13") in a quiet title and ejectment action. In their sole point on appeal, the Gladneys challenge the trial court's entry of summary judgment. The Gladneys contend a genuine issue of material fact exists as to whether the tax lien certificate on their property was sold to a prohibited purchaser under Section 140.190.2.[1] Because the sale of the tax-deficient property to a statutorily prohibited purchaser does not address a material fact given the circumstances of this case, we deny the Gladneys' point on appeal and affirm the judgment of the trial court.

---

[1] All Section references are to RSMo (2016).

Factual and Procedural History

Dennie R. and Sharon Gladney acquired the real property at 3815 Brown Road in St. Louis, Missouri ("the Property") in 2010. Subsequently, Dennie R. and Sharon Gladney failed to pay property taxes on the Property. In August 2015, WMAC 2014, LLC ("WMAC14") purchased a tax lien certificate for the Property at a public tax sale auction. In 2016, Dennie R. and Sharon Gladney transferred the Property to their daughter, Diana Gladney.

The Gladneys did not redeem the Property within the year following the tax sale. Consequently, in September 2016, the St. Louis County Collector of Revenue issued a Collector's Deed for Taxes for the Property ("the Deed") to WMAC14, which later conveyed the Deed to WMAC13. WMAC13 filed a petition to quiet title pursuant to the Deed and to eject Dennie R. and Sharon Gladney from the Property. Subsequently, Diana Gladney was granted leave to intervene.

WMAC13 moved for summary judgment against the Gladneys on its petition to quiet title. In an attempt to defeat summary judgment, the Gladneys argued that they raised a genuine issue of fact regarding the validity of the Deed. Specifically, the Gladneys offered evidence that WMAC14 was a successor company of WMAC13. The Gladneys maintained that WMAC14's successor liability rendered it a prohibited purchaser at the tax sale under Section 140.190.2 because WMAC13 had failed to pay property taxes on other St. Louis County properties at the time WMAC14 acquired the Property. The Gladneys reasoned that since WMAC14 was a successor company of WMAC13 and WMAC13 was a prohibited purchaser, then WMAC14 was a prohibited purchaser as well. Accordingly, the Gladneys argued that WMAC13 was not entitled to summary judgment on its petition because WMAC14 obtained the Deed through an invalid sale.

The trial court found that WMAC13 presented a prima facie case for summary judgment and that no credible evidence was presented to successfully challenge the Deed under Section 140.610. Accordingly, the trial court granted summary judgment. The Gladneys now appeal.

Point on Appeal

In their sole point on appeal, the Gladneys contend that the trial court erred in granting summary judgment. The Gladneys maintain that they raised a genuine issue of fact regarding WMAC14's status as a prohibited purchaser in the tax sale, which, if shown, would render WMAC13's title invalid and, as a matter of law, defeat its right to judgment on the petition to quiet title.

Standard of Review

We review an appeal from summary judgment de novo. Farrow v. Saint Francis Med. Ctr., 407 S.W.3d 579, 587 (Mo. banc 2013) (citing ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993)). "[We review] the record in the light most favorable to the party against whom judgment was entered and afford[] that party the benefit of all reasonable inferences." Id. (citing Lewis v. Gilmore, 366 S.W.3d 522, 524 (Mo. banc 2012)). We also review questions of statutory interpretation de novo. Newsome v. Kan. City, Mo. Sch. Dist., 520 S.W.3d 769, 780 (Mo. banc 2017) (internal citation omitted).

Discussion

Trial courts are required to enter summary judgment where "there is no genuine issue as to any material fact" and where "the moving party is entitled to judgment as a matter of law." Rule 74.04(c)(6).[2] "[A] 'genuine issue' exists where the record contains competent materials that evidence two plausible, but contradictory, accounts of the essential facts[.]" ITT

---

[2] All Rule references are to Mo. R. Civ. P. (2018).

3

Commercial Fin. Corp., 854 S.W.2d at 382. "A material fact in the context of summary judgment is one from which the right to judgment flows." Goerlitz v. City of Maryville, 333 S.W.3d 450, 453 (Mo. banc 2011) (internal citation omitted). More specifically, "material facts are those ultimate facts that constitute the elements of a cause of action or affirmative defense[.]" Custer v. Wal-Mart Stores E. I, LP, 492 S.W.3d 212, 215 (Mo. App. S.D. 2016) (citing ITT Commercial Fin. Corp., 854 S.W.2d at 379–81).

On appeal, the Gladneys acknowledge that WMAC13 has made a prima facie case for summary judgment. See Section 140.460.2 (providing that a collector's deed is "prima facie evidence of a good and valid title in fee simple in the grantee of said deed"). However, the Gladneys posit that they sufficiently rebutted the prima facie case by introducing a genuine issue of fact regarding WMAC14's status as a prohibited purchaser in the tax sale as the successor of WMAC13. See Edwards v. Black Twig Mktg. & Commc'ns LLC, 418 S.W.3d 512, 520 (Mo. App. E.D. 2013) (internal citations omitted) (providing a successor may be liable for the liabilities of its predecessor where a transaction is entered into fraudulently to escape liability). The Gladneys then reason that WMAC14's status as a prohibited purchaser under Section 140.190.2 raises a material fact challenging WMAC13's right to judgment.

The Gladneys' argument fails because, under the summary judgment facts presented, whether WMAC14 was a prohibited purchaser under the statute is immaterial to WMAC13's rights in the Property, and its corresponding right to judgment. Therefore, even if the Gladneys could establish at trial that WMAC14 was a prohibited purchaser, that fact is not material to their challenge of WMAC13's title in the Property.

Section 140.610 governs "all suits and controversies involving the title of land claimed and held by virtue of the deed executed by the county collector for nonpayment of taxes

4

thereon[.]" "[I]n order to defeat the title conveyed by such deed," the person claiming adverse title "shall be required to prove" one of the following:

> [1] [T]hat the land described therein was not subject to taxation at the date of assessment of the tax for which it was sold, or [2] that the taxes for the nonpayment of which the land was sold were paid to the proper officer within the time limited by law therefor, or [3] that the same had not been assessed for the taxes for the nonpayment of which it was sold, or [4] that the same had been redeemed pursuant to law, or [5] that a certificate in proper form had been given by the proper officer, within the time limited by law for paying taxes or for redeeming from sales made for the nonpayment thereof, stating no taxes were due at the time such sale was made, or [6] that at the date of the deed the redemption period had not expired.

Section 140.610. Section 140.610's usage of the words "shall" and "required" makes clear that a party must prove one of the six statutory grounds to defeat the title conveyed by a collector's deed. See State v. Teer, 275 S.W.3d 258, 261 (Mo. banc 2009) (internal citation omitted) ("The word 'shall' generally prescribes a mandatory duty."); see also State ex rel. Jackson v. Dolan, 398 S.W.3d 472, 479 (Mo. banc 2013) (quoting State v. Moore, 303 S.W.3d 515, 520 (Mo. banc 2010)) ("When interpreting a statute, [Missouri courts] must give meaning to every word or phrase of the legislative enactment."). The Gladneys's argument that WMAC14's status as a prohibited purchaser voids the Deed is simply not listed in the statute as one of the express grounds upon which the Gladneys may seek to set aside the Deed as invalid. See Section 140.610.

Despite the mandate of Section 140.610, the Gladneys direct this Court to Section 140.190.2 to argue that WMAC13's Deed was void as the result of an invalid sale. Section 140.190.2 provides that "***no sale shall be made*** to any person or designated agent who is currently delinquent on any tax payments on any property, other than . . . on the property being offered for sale, and who does not sign an affidavit stating such at the time of sale." (Emphasis added). The Gladneys argue that the Deed was transferred to WMAC14 in an invalid sale

5

because WMAC13 was delinquent on its property taxes at the time of the tax sale, and WMAC14, the purchaser at the tax sale, is WMAC13's successor. See Edwards, 418 S.W.3d at 520 (internal citations omitted). The Gladneys essentially argue that they need not seek to void the Deed under Section 140.610 to defeat the quiet title action because the Deed was inherently invalid under Section 140.190.2. This argument fails because even if the sale was made to a prohibited purchaser as defined under Section 140.190.2, that fact alone does not render the Deed invalid.

Notably, Section 140.190.2 states that "[f]ailure to sign such affidavit [attesting to non-delinquent tax status] as well as signing a false affidavit *may* invalidate such sale." (Emphasis added). Thus, a sale to a prohibited purchaser is not automatically invalid once the sale has occurred. See Section 140.190.2. But, while Section 140.610 does not allow a *third party* to judicially invalidate such a collector's deed, the statute is not without an enforcement mechanism. Section 140.540.1 provides that, "[w]henever the county collector shall discover, *prior* to the conveyance of any lands sold for taxes, that the sale was for any cause whatever, invalid, he shall not convey such lands[.]" (Emphasis added). First, the statute specifically empowers the county collector to refuse any sale or transfer to a party who is delinquent on its payment of county taxes. And should a delinquent taxpayer somehow succeed in making a purchase of a collector's deed at a tax sale, the county collector may possess the legal right to have the deed invalidated; however, any such right resides exclusively with the county collector under a plain reading of the statute.

We see no language in the statute authorizing delinquent taxpayers any right to assert a county collector's rights under Section 140.190.2. While this statutory scheme does not provide a judicial remedy to tax-delinquent title-holders such as the Gladneys for sales made to a

6

prohibited purchaser, the statute does provide for other remedies. Should the tax-delinquent title-holder discover the collector's deed was sold to a prohibited purchaser before the county collector conveys the land, the tax-delinquent title-holder can notify the county collector, who presumably would then not convey the land. See Section 140.540.1. Second, and more fundamental to the statutory scheme, the tax-delinquent title-holder has one full year to redeem the property following the tax sale. See Section 140.340.1. The statutory provisions addressing the subsequent sale of the collector's deed for tax-delinquent properties were enacted to protect the county collector, not the tax-delinquent property owner. Additionally, it bears noting that title-holders will only find themselves in this situation if they fail to pay their property taxes. See Section 140.010; Section 140.150.

After reviewing the record, we find that the Gladneys failed to raise a genuine issue of material fact that, if proven, would void the Deed and thereby defeat the entry of summary judgment. Even if WMAC14 were both a prohibited purchaser and a successor of WMAC13, WMAC13 nevertheless is entitled to summary judgment under the facts of this case. Accordingly, we affirm the trial court's entry of summary judgment. Point One is denied.

Conclusion

The judgment of the trial court is affirmed.


_____
KURT S. ODENWALD, Judge

Philip M. Hess, P.J., concurs.
Lisa P. Page, J., concurs.

7